**Nyall STOREY, Petitioner,**

v.

**SEARLE BLATT LTD., Respondent.**

No. 88 Civ. 0623 (RWS).

United States District Court, S.D. New York.

May 26, 1988.

Blutrich, Falcone & Miller, New York City, for petitioner; Michael D. Blutrich, of counsel.

Lynn, Ledwith, Quinlan & White, Garden City, N.Y., for respondent; Robert P. Lynn, Jr., of counsel.

### OPINION

SWEET, District Judge.

Petitioner Nyall Storey has moved pursuant to 9 U.S.C. § 9 for an order confirming the arbitration award dated January 25, 1988. Respondent Searle Blatt, Ltd. has cross-moved under 9 U.S.C. § 10 for an order vacating the January 25 award. For the reasons set forth below, the motion to confirm the award is granted.

*Background*

Petitioner, a citizen and resident of Ireland, is actively engaged in the textile industry as a manufacturer and a converter of fabrics. Respondent is a textile garment manufacturer with offices in New York. Through an independent textile selling agent, petitioner and respondent entered into a contract dated February 13, 1985, pursuant to which petitioner sold and respondent purchased specified quantities of textile fabrics. In accordance with the contract, the fabrics were imported into the United States and stored at an inspection facility in New Jersey. One-third of the shipment was delivered to respondent and paid for through a letter of credit that had been issued to petitioner at respondent's request by Chemical Bank. The balance of the fabrics was held at the warehouse in New Jersey. Approximately two months later, the warehouse suffered a substantial fire, and the goods were destroyed.

Respondent refused to render payment for the outstanding invoice balance on the grounds that title and risk of loss for the fabrics had never passed to it. Contending that title and risk of loss had passed to respondent both under the contract and as a matter of statutory law, petitioner initiated arbitration proceedings against respondent, in accordance with the contract's arbitration clause and pursuant to the rules of the General Arbitration Council of the Textile Industry, seeking an award directing payment of the invoices for the balance of the fabrics purchased.

Petitioner first initiated arbitration proceedings on November 7, 1986. In the eight ensuing months, arbitrators were selected and a hearing was scheduled for July 23, 1987. Due to the unavailability of one of the arbitrators for that date, with the consent of the parties, the matter was rescheduled for a hearing on July 30, 1987. After the administering tribunal announced the scheduled hearing, counsel for respondent wrote to the tribunal requesting an adjournment because its principal witness, Searle Blatt ("Blatt"), would not be able to attend the scheduled hearing. The request was granted, and the arbitration was adjourned until October 1, 1987. Thereafter, counsel for respondent requested another adjournment again based upon the unavailability of Blatt. This request was granted, and the hearing was adjourned and rescheduled with the full consent of all parties for January 13, 1988.

On the morning of January 13, 1988, respondent's counsel requested a third adjournment on the grounds that Blatt would not be able to attend the hearing because of a death in his family that morning. Petitioner objected to another adjournment. After hearing arguments from both sides and adjourning briefly to consider the request, the arbitrators ruled that they would go forward with the hearing and determine at the end of the day whether it was necessary to keep the hearing open for additional testimony and evidence. Following the submission of evidence, the taking of testimony and argument from counsel, the arbitrators ruled the proceedings closed. On January 25, 1988, the arbitrators rendered a unanimous award directing respondent to

pay to petitioner the aggregate sum of $70,232.75.

### Confirmation of the Award

Petitioner contends that the petition to confirm should be granted in its entirety since the subject award is wholly proper and resulted from a proceeding conducted in strict conformity with law and with the controlling rules of the administering tribunal. The respondent's cross-petition to vacate is based solely upon the arbitrators' refusal to grant respondent's request for an adjournment on the morning of the hearing because of a death in Blatt's family.

■ A review of the chronology of the proceedings in this case and the conduct of the arbitration hearing supports a finding that the arbitrators acted reasonably and within the scope of their broad authority in denying the request for an adjournment and that respondent was not prejudiced by the denial of its request. In particular, the record indicates that (1) after its adjournment request was denied, respondent remained at the hearing and fully participated in the proceeding, (2) as respondent concedes, the arbitrators accepted into evidence all documents relevant to the case, and (3) after the hearings were closed, respondent undertook no action with respect to the pending award, but instead waited until after obtaining an adverse award to object to the arbitrators' refusal to grant a postponement.

■ Section 10(c) of the Federal Arbitration Act (the "Act") authorizes the court to vacate an arbitrators' award where "the arbitrators were guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown." The granting or denying of an adjournment falls within the broad discretion of appointed arbitrators. *See Fairchild & Co. v. Richmond, et al.,* 516 F.Supp. 1305, 1313 (D.D.C.1981); *Dan River, Inc. v. Cal–Togs, Inc.,* 451 F.Supp. 497, 503–04 (S.D.N.Y.1978). Because the expeditious resolution of a dispute is one of the principal purposes for referring a matter to arbitration, the Act limits the court's review to a determination of whether the arbitrators were guilty of misconduct in denying a request for an adjournment. *Fairchild & Co.,* 516 F.Supp. at 1313. As the court in *Fairchild & Co.* stated, "assuming there exists a reasonable basis for the arbitrators' considered decision not to grant a postponement, the Court will be reluctant to interfere with the award on these grounds." *Id.* at 1313–14.

In this case, there was a reasonable basis for the arbitrators' decision to deny the adjournment request. The matter had been pending since November 1986 and had been adjourned twice due to Blatt's inability to attend. One of the petitioner's witnesses had travelled from the Virgin Islands to be present at the hearing. Respondent's counsel did not attempt to explain to the arbitrators why another representative of the company could not be present, nor did respondent's counsel suggest that Blatt's testimony would be anything but cumulative of the documentary evidence that would be submitted. Under these circumstances and in light of the arbitrators' past accommodation of respondent's request, the arbitrators' decision not to postpone the hearing again does not rise to the level of misconduct that would warrant vacatur.

■ Moreover, even assuming that the arbitrators' refusal to adjourn the hearing was unreasonable, respondent failed to object to the arbitrators' decision to go forward with the hearing until after an adverse award had been rendered. Instead, respondent participated fully in the hearing, presenting evidence and legal argument. Courts have held that a party may not await an arbitrator's adverse award before raising objections to the partiality of the arbitrator, *see Cook Indus., Inc. v. C. Itoh & Co. (America),* 449 F.2d 106, 108 (2d Cir.1971), or to the jurisdiction of the arbitrator, *see Peters Fabrics, Inc. v. Jantzen, Inc.,* 582 F.Supp. 1287, 1290–91 (S.D.N.Y.1984). A party's failure to assert such objections at the time of arbitration effectively waives them. *See Graphic Arts Int'l Union v. Haddon Craftsmen, Inc.,* 489 F.Supp. 1088, 1093 (M.D.Pa.1979).

In *Peters Fabrics, Inc. v. Jantzen, Inc.,* the party seeking vacatur had fully participated in the arbitration and had awaited receipt of the adverse award prior to applying to court for vacatur based upon its objection to the jurisdiction of the arbitration tribunal to administer the case. In holding that the defendant had waived its objection based upon its participation and belated application for judicial relief, the court stated that it could "see no sound policy reasons why a party should be permitted to profit from a strategic decision to defer seeking a ruling on an arbitrator's authority until after he renders his award, especially since it is clear that had the award been favorable, [defendant] would not now be challenging the authority of the arbitrator." *Peters Fabrics,* 582 F.Supp. at 1292. Similarly, in *Graphic Arts Int'l Union v. Haddon Craftsmen, Inc.,* the court rejected a motion to vacate based on misconduct of an arbitrator since the moving party had failed to seek judicial relief until after receipt of an adverse award, stating, "[i]t is ... well-settled ... that a party may not await an adverse award before asserting objections on grounds of which he had knowledge prior to the award." *Graphic Arts,* 489 F.Supp. at 1093.

Here, respondent failed to undertake any of the steps that might reasonably have been required to preserve its right to seek vacatur. First, respondent fully participated at the hearing after the arbitrators determined to proceed. Second, after the close of hearings, respondent failed to seek judicial relief until after it had received an adverse decision. At minimum, respondent should have sought judicial relief prior to receipt of the award in order to preserve its objections to an adjournment denial.

Finally, respondent has failed to demonstrate that it was prejudiced by the denial of the adjournment request. Respondent participated fully in the proceeding and presented all evidence it deemed advisable to the arbitrators. Respondent contended before the arbitrators that the FOB terms of the original contract had been orally modified to CIF in order to accommodate Chemical Bank. However, all documentary evidence concerning the contract, the letter of credit, and the invoices for the shipped goods was presented to the arbitrators. Respondent does not contend that Blatt's absence prevented it from presenting any relevant documentary evidence. As respondent's counsel informed the arbitrators, respondent here contends only that Blatt would have testified that he never received a phone call from petitioner demanding that the goods be accepted. It does not appear, therefore, that the arbitrators' decision not to adjourn the hearing resulted in the exclusion of any material evidence or any prejudice to respondent. *See Automobile Mechanics v. Holiday Oldsmobile,* 356 F.Supp. 1325 (N.D.Ill. 1972).

For the foregoing reasons, petitioner's application to confirm the arbitration award is granted and respondent's cross-petition to vacate is denied. The parties are directed to submit judgment in accordance with this opinion and the arbitrators' award on ten (10) days notice.

IT IS SO ORDERED.