**EBASCO CONSTRUCTORS, INC., f/k/a Frank Moolin and Associates, Inc., f/k/a Enserch Alaska Services, Inc., Appellant,**

v.

**AHTNA, INC., Appellee.**

No. S–7476.

Supreme Court of Alaska.

Feb. 28, 1997.

---

8. O.R. does not challenge the superior court's finding under CINA Rule 15(g) in this appeal.

Robert J. Dickson, Atkinson, Conway & Gagnon, Anchorage, for Appellant.

Herbert A. Viergutz, John P. Ahlers, Craig Holley, Barokas & Martin, Anchorage, for Appellee.

Before COMPTON, C.J., and RABINOWITZ, MATTHEWS, EASTAUGH and FABE, JJ.

## OPINION

MATTHEWS, Justice.

This is an appeal of the superior court's confirmation of an arbitration proceeding and of its decision to add prejudgment interest to the arbitrator's award. We affirm in part and reverse in part.

## I. FACTS & PROCEEDINGS

The arbitration proceeding at issue involved a dispute concerning a joint venture agreement ("JVA") between Ahtna and Enserch, a predecessor to Ebasco Constructors, Inc. (Ebasco). The JVA was formed as part of an effort by Ebasco to win a subcontract with General Electric Company for work on an Air Force project. The project eventually was canceled. The JVA provided that "[a]ll disputes arising out of this Agreement shall be resolved by arbitration under the Commercial Rules of the American Arbitration Association and subject to the provisions of Alaska's Uniform Arbitration Act...." Ahtna submitted for arbitration a claim against Ebasco for proposal costs it incurred in connection with the JVA. The arbitrator determined that Ebasco was liable to Ahtna.

We have already decided some issues relating to the validity of the arbitration proceeding. In *Ahtna v. Ebasco Constructors, Inc.,* 894 P.2d 657 (Alaska 1995) (hereinafter *"Ahtna I "*), we reversed the superior court's determination that the dispute was not arbitrable. We remanded the case to allow the superior court to determine whether

> under 09.43.120(a)(4) ... the award should be vacated (1) because the arbitrator refused to postpone the hearing after sufficient cause had been shown; and (2) because Ebasco did not receive a specific explanation of Ahtna's complaint until approximately one month before the arbitration.

*Id.* at 660 n. 4. On remand, the superior court decided that the arbitrator's award should not be vacated. The superior court also awarded "Pre- and Post–Judgment Interest on Ahtna's claim ... from March 4, 1991 [the date of Ahtna's claim] through August 25, 1995 [the date of the superior court's judgment confirming the arbitration award]." Finally, the superior court awarded "Post-Judgment Interest on the Arbitration Award of Attorneys Fees ... from September 1, 1992 through August 25, 1995." Ebasco appeals all three rulings of the superior court.

### A. Facts Related to the Claim that the Arbitrator's Refusal to Postpone the Hearing Was Improper

On February 13, 1992, the American Arbitration Association issued an order confirming that Wayne White, senior counsel for Ebasco, would be "representing Ebasco" in the arbitration proceeding. White participated in a number of pre-arbitration proceedings. On April 1, 1992, the arbitrator scheduled the arbitration proceedings to begin on July 13, 1992.

Ebasco had a long relationship with the law firm of Burr, Pease & Kurtz and consulted with the firm on various matters related to the arbitration. On May 29, 1992, Ebasco asked J.W. Sedwick of Burr, Pease & Kurtz to serve as its trial counsel for the arbitration. Burr, Pease & Kurtz undertook the representation of Ebasco the same day.

On June 19, Burr, Pease & Kurtz advised Ebasco that, because a conflict of interest had arisen, it would withdraw as Ebasco's trial counsel for the arbitration. The same day, Burr, Pease & Kurtz moved to postpone the arbitration. Shortly thereafter, Ebasco retained John Conway as substitute trial counsel for the arbitration.

On June 26, the arbitrator held a hearing on the motion to postpone, and rendered a decision denying the motion the same day. The arbitrator found that

> there was no notification to the Arbitrator that the firm of Burr, Pease & Kurtz was involved in this case on behalf of Ebasco until June 10, 1992 and that substitute counsel, John Conway has sufficient time to familiarize himself with the case as Alaska counsel before July 13, 1992 given the fact that Wayne White has been primary counsel for Ebasco throughout these proceedings since the initial hearing on April 1, 1992.

### B. Facts Related to the Claim that the Arbitration Award Should Be Vacated because Ebasco Did Not Receive a Sufficiently Specific Explanation of Ahtna's Complaint Prior to the Arbitration Proceeding

In a letter dated November 15, 1990, Ebasco requested that General Electric reimburse Ebasco for its proposal costs. The letter stated:

> We feel that recovery of our proposal costs is justified due to the unreasonable delays and changes in the program and because we devoted extensive resources to the ... proposal effort based on the anticipation of receiving a sole source contract for the work and in accordance with the various GE RFQ requests.

On January 17, 1992, Ahtna filed a demand for the arbitration proceeding at issue in this case. Ahtna indicated on the demand for arbitration form that the "nature of the dispute" was "Breach of Contract" and that the relief sought was "[i]n an amount to be proven at the time of arbitration."

In a letter dated April 1, 1992, the arbitrator stated that Ahtna had agreed to "file a statement of ... [its] claim within seven (7) days." The same day, Ahtna filed a claim for proposal costs totaling 1.7 million dollars. It also filed certain supporting materials.

These documents did not explain the legal theory underlying Ahtna's claim against Ebasco.

On June 10, 1992, the arbitrator ordered Ahtna to provide, by June 18, 1992, a brief written statement outlining its claim. On June 18, Ahtna provided a "statement of issues." The statement of issues asserts, among other things, that "[t]he issues of this arbitration concern, in general, the failure of Ebasco to fulfill its partnership duties to Ahtna since cancellation of ... [the Air Force project] and, in particular, Ebasco's *failure to properly forward the Ahtna/Ebasco Joint Venture claim to General Electric.*" (Emphasis supplied.) Ahtna later submitted a memorandum in opposition to Ebasco's motion to reschedule the hearing. That document was dated June 22, 1992. It stated, in part, that "[e]ither Ebasco passed the claim through or they did not.... Further, provided Ebasco *passed this claim through to the government* as they have repeatedly asserted, the Contract Disputes Act requires that such a claim be certified." (Emphasis supplied.)

On July 13, 1992, the first day of the arbitration hearing on the merits, Ahtna asserted that it was entitled to an award from Ebasco on the basis of a previously unarticulated theory of liability:

> Notwithstanding some cautionary language in the Ebasco/GE Teaming Agreement and the Ebasco/Ahtna Joint Venture, Ahtna was never advised that the Project would not be awarded. In fact, Ahtna was repeatedly assured that things were on track and that it should continue to work to assist Ebasco to provide GE and the Air Force with proposals and to prepare for an imminent award.

Ebasco did not argue before the arbitrator that it was prejudiced by Ahtna's introduction at the hearing of its new theory of liability and did not renew its motion to postpone the proceedings.

## II. DISCUSSION

### A. The Arbitration Proceedings Should Not Be Vacated

#### 1. Standard of review.

In *Ahtna I,* we stated:

Under AS 09.43.120, a number of the arbitrator's *procedural* decisions—such as his decision to deny Ebasco a continuance—are also subject to review. As explained in n. 4 *supra,* Ebasco's claim under AS 09.43.120(a)(4) should be considered by the trial court on remand. Again, this is an area where the policies in favor of arbitration dictate a deferential review. *See, e.g., Storey v. Searle Blatt, Ltd.,* 685 F.Supp. 80, 82 (S.D.N.Y.1988) ("The granting or denying of an adjournment falls within the broad discretion of appointed arbitrators.").

*Id.* at 662, n. 6.

■ Ebasco, however, makes two arguments that, contrary to our statement in *Ahtna I,* the arbitrator's decision to refuse to postpone the hearing should not be reviewed deferentially.

First, Ebasco argues that, as a matter of policy, deferential review of an arbitrator's procedural decisions is undesirable. According to Ebasco, *because* judicial review of an arbitrator's factual and legal findings is so limited, "the integrity of the [arbitration] process ... [should] be zealously safeguarded.... The utility of arbitration ... will be substantially prejudiced if commercial enterprises understand that an agreement to arbitrate ... subjects them to essentially unreviewable procedural decisions by the arbitrator."

As indicated by the footnote in *Ahtna I,* we do not agree with the proposition that an arbitrator's procedural decisions should not be accorded deferential review because its legal and factual findings are reviewed deferentially. Instead, our view is that the rationale for a deferential standard of review with respect to an arbitrator's substantive decisions also requires that an arbitrator's procedural decisions be reviewed deferentially. The rationale is that "[p]arties resort to arbitration to resolve disputes in a quicker and less expensive way than litigation," *City of Fairbanks Mun. Util. Sys. v. Lees,* 705 P.2d 457, 459–60 (Alaska 1985), despite the possibility that arbitrators may sometimes make substantive or procedural decisions which diverge from the decisions that courts would

make. *See State v. Public Safety Employees Ass'n,* 798 P.2d 1281, 1287 (Alaska 1990). "Zealous" appellate review of an arbitrator's procedural decisions is neither speedy nor inexpensive. Indeed, meticulously reviewing a procedural decision of an arbitrator may require a court to delve deeply into the merits of an already arbitrated dispute. Contrary to Ebasco's argument, therefore, the "utility of arbitration ... will be substantially prejudiced" if courts closely scrutinize the procedural decisions of an arbitrator.

Ebasco's second contention may be summarized as follows: (1) the footnote in *Ahtna I* "relies on the federal case of *Storey v. Searle Blatt, Ltd.,* 685 F.Supp. 80 (S.D.N.Y. 1988)," (2) there are "material differences between the federal statutory language and that of the Alaska Uniform Arbitration Act," and (3) the language of the Alaska statute indicates that deferential review of the arbitrator's decision to postpone the hearing would be inappropriate.

Two of the premises underlying Ebasco's second contention are incorrect. First, the footnote in *Ahtna I* did not "rely" on *Storey* as though that case were controlling authority. Instead, the footnote in *Ahtna I* was based upon the functional considerations discussed above. Second, contrary to Ebasco's suggestion, a deferential standard of review of the arbitrator's decision to postpone a hearing is entirely consistent with the language of AS 09.43.120(a), which provides in pertinent part:

> On application of a party, the court shall vacate an award if
>
> . . . .
>
> (3) the arbitrators exceeded their powers; [or]
>
> (4) the arbitrators refused to postpone the hearing upon sufficient cause being shown for postponement. . . .

The statute indicates the grounds on which a court must vacate an award of an arbitrator. It does not specify the applicable standard of

review. We held in *Ahtna I* that the standard of review applicable to questions arising under AS 09.43.120(a)(3) is an extremely deferential one. 894 P.2d at 662. Nothing in the language of the statute suggests that the standard of review for situations implicating AS 09.43.120(a)(4) should be less deferential and, as discussed above, there is no persuasive policy reason for making such a distinction.

Against this backdrop, in order to support a claim that an arbitration proceeding should be vacated because of an arbitrator's refusal to grant a postponement, we hold that a litigant should be required to show that the arbitrator committed gross error in his determination that a litigant did not show "sufficient cause" for postponement. *See City of Fairbanks Mun. Util. Sys. v. Lees,* 705 P.2d 457, 462 (Alaska 1985) (In upholding an arbitrator's decision to exclude certain witnesses, we stated that "[u]nder these circumstances, we find that the arbitrator's decision was not gross error.").

In contrast to the standard of review applicable to the arbitrator's determination, the decision of the superior court is reviewed *de novo. Ahtna,* 894 P.2d at 657.

2. *The arbitrator's decision refusing to grant Ebasco a postponement was not gross error. Ebasco waived its claim that it was denied due process.*

■ The arbitrator's decision refusing to grant Ebasco a postponement was not gross error. It is hardly apparent that the withdrawal of Burr, Pease & Kurtz only twenty-one days after undertaking representation of Ebasco on this matter established "sufficient cause" for a postponement, particularly considering Wayne White's availability and familiarity with the case. Burr, Pease & Kurtz withdrew twenty-five days before the arbitration hearing, and there were sixteen days between the postponement hearing and the commencement of the hearing on the merits. Many cases from other courts support the conclusion that the arbitrator's refusal to grant a postponement under these circumstances does not warrant vacatur.[1]

1. Courts have rejected most claims that an arbitration proceeding should be vacated because of an arbitrator's refusal to postpone the hearing. *See e.g., Ceco Concrete Const. v. J.T. Schrimsher*

*Const. Co., Inc.,* 792 F.Supp. 109 (N.D.Ga.1992) (Arbitrators were not guilty of misconduct in refusing to postpone arbitration of a dispute be-

It is also not obvious that what Ebasco terms "Ahtna's late and changing statement of its claim" established "sufficient cause" for postponing the hearing. It is true that Ahtna's initial explanations of its claim were unclear. Unquestionably, moreover, Ahtna's initial explanations of its claim were inconsistent in certain respects with its subsequent explanations of its claim. However, it was not gross error for the arbitrator to conclude at the postponement hearing that Ebasco had sufficient time to respond to any changes which Ahtna had made to its claim up to the time of the postponement hearing.

■ Finally, as mentioned above, on the first day of the arbitration proceeding, Ahtna asserted that it was entitled to recovery on the basis of a previously unarticulated theory of liability. Ebasco maintains that, because the arbitrator apparently considered Ahtna's new theory, Ebasco was denied due process. This argument merits only brief discussion. Counsel for Ebasco failed to make an objection before the arbitrator concerning Ahtna's introduction at the arbitration hearing of its new theory of liability and failed to renew Ebasco's motion for a postponement. Ebasco's claim that the arbitrator should not have considered the new argument is therefore waived. *See Alaska State Hous. v. Riley Pleas, Inc.,* 586 P.2d 1244 (Alaska 1978) (holding that, where State Housing Authority did not raise objection to alleged bias of arbitrator at arbitration hearing, it waived its right to object, even though it believed that challenge would be ineffective and would only serve to worsen its chances of obtaining a favorable result).

### B. *Prejudgment Interest*

#### 1. *Standard of review.*

Whether it is appropriate for a court to award prejudgment interest on an arbitration award is a question of law. Review of the lower court's decision therefore is *de novo. Langdon v. Champion,* 752 P.2d 999, 1001 (Alaska 1988).

#### 2. *The award of prejudgment interest should be affirmed in part and reversed in part.*

##### a. *The award of pre-award interest should be reversed.*

■ In contrast to the approach taken in a number of other jurisdictions, prejudgment interest in Alaska is awarded "largely as a matter of course." *Hofmann v. von Wirth,* 907 P.2d 454, 455 (Alaska 1995) (quoting *Tookalook Sales & Serv. v. McGahan,* 846 P.2d 127, 129 (Alaska 1993)). The rationale underlying our policy of routinely awarding prejudgment interest is "the economic fact that money awarded for any reason is worth less the later it is received." *Farnsworth v. Steiner,* 638 P.2d 181, 184 (Alaska 1981) (quoting *State v. Phillips,* 470 P.2d 266, 273 (Alaska 1970)).

Notwithstanding our policy of routinely awarding prejudgment interest, we reverse the superior court's award of prejudgment interest accruing prior to the arbitration award and announce a rule for future cases that any such awards must be made by arbitrators. We have never directly addressed the question of whether it is appropriate for a court reviewing an arbitration award to add prejudgment interest to the award. However, we consider persuasive the point that permitting a reviewing court to add pre-award interest to an arbitration award would be inconsistent with the policy of allowing the

tween two construction companies despite one company's claim that it would otherwise likely be exposed to the possibility of conflicting results as between the owner and the second company in related administrative proceedings.); *Concourse Beauty School, Inc. v. Polakov,* 685 F.Supp. 1311 (S.D.N.Y.1988) (Arbitrators' refusal to postpone final arbitration session when plaintiff's principal witness was unable to attend did not rise to level of misconduct necessary to vacate arbitration award. Absent witness had opportunity to fully present his story, and plaintiff's interests were adequately represented by its two attorneys who were present during all arbitration sessions.); *Storey v. Searle Blatt Ltd.,* 685 F.Supp. 80 (S.D.N.Y.1988) (Arbitration proceeding upheld despite arbitrators' decision to deny adjournment on morning of hearing because of death in family of witness. Arbitrators had previously granted two adjournments.). *See also DVC-JPW Investors v. Gershman,* 5 F.3d 1172 (8th Cir.1993); *Agrawal v. Agrawal,* 775 F.Supp. 588 (E.D.N.Y. 1991); *Berlacher v. PaineWebber, Inc.,* 759 F.Supp. 21 (D.D.C.1991); *Roche v. Local 32B–32J Service Employees Intern.,* 755 F.Supp. 622 (S.D.N.Y.1991).

arbitrator to determine all arbitrable aspects of a dispute. Failure to place the onus on an arbitrator to determine whether prejudgment interest is appropriate may needlessly put a reviewing court in the position of having to delve into the merits of a dispute. For example, in order to determine the appropriate start date for prejudgment interest, a court reviewing the decision of an arbitrator presumably would have to determine the date of the breach or injury on which the award was based.

Reversing the superior court's award of pre-award interest is also consistent with the decisions of many other courts which have considered the question—including the decisions of courts in some states which routinely award prejudgment interest. *See e.g., Wanschura v. Western Nat. Mut. Ins. Co.*, 389 N.W.2d 927 (Minn.App.1986); *Mausbach v. Lemke*, 110 Nev. 37, 866 P.2d 1146 (1994) (Nevada has a statute which allowed prejudgment interest to be added as a matter of course to all judgments); *Borough of Dunmore v. Dunmore Police Dep't*, 106 Pa. Cmwlth. 461, 526 A.2d 1250 (1987); *Paola v. Commercial Union Assur. Cos.*, 461 A.2d 935 (R.I.1983); *Westmark Properties, Inc. v. McGuire*, 53 Wash.App. 400, 766 P.2d 1146 (1989).

### b. *The superior court's award of post-award interest should be affirmed.*

■ We affirm the superior court's award of interest accruing after the arbitration award. Two reasons supporting our decision warrant emphasis. First, computation of post-award interest will almost always be straightforward—interest can simply be computed from the date of the award—and therefore will not enmesh the court in the complications which the award of pre-award interest may entail. Second, at the time of an arbitration award, an arbitrator cannot determine the appropriate amount of post-award interest, and there would appear to be no advantage to requiring a litigant to return to the arbitrator for a determination of post-award interest.

A ruling affirming the superior court's decision ordering post-award interest is also consistent with the holdings of many courts which have considered the question.[2]

### c. · *The superior court's award of post-award interest on attorney's fees should be affirmed.*

■ The superior court awarded Ahtna interest on the arbitrator's award of attorney's fees. Interest was computed from the day of the arbitrator's award. We have never had occasion to consider the question of whether such an award is appropriate. We now answer the question in the affirmative. For purposes of determining whether post-award interest is permissible, there is no persuasive reason to treat attorney's fees differently than other parts of an arbitrator's award. An award of interest simply "places an injured plaintiff in the same position as if he had been compensated immediately for his loss." *City & Borough of Juneau v. Commercial Union Ins. Co.*, 598 P.2d 957 (Alaska 1979).

## III. CONCLUSION

We AFFIRM the superior court's decision confirming the arbitrator's award. We also AFFIRM the superior court's award of post-arbitration award interest on the arbitration award, including the attorney's fees awarded by the arbitrator. We REVERSE the superior court's award of pre-arbitration award interest on the arbitration award. Finally, we REMAND the case to permit the superior court to recalculate the total amount of the judgment in conformity with this opinion.

---

2. *See, e.g., Creative Builders, Inc. v. Avenue Dev.*, 148 Ariz. 452, 715 P.2d 308, 312–23 (App.1986); *McDaniel v. Berhalter*, 405 So.2d 1027, 1030 (Fla.App.1981); *Holloway Constr. Co. v. Oakland County Bd.*, 450 Mich. 608, 543 N.W.2d 923 (1996) (allowing an award only of post-award interest); *Gordon Sel–Way v. Spence Bros., Inc.*, 438 Mich. 488, 475 N.W.2d 704 (1991) (interest permitted only from the date of the arbitration award); *Leach v. O'Neill*, 132 N.H. 665, 568 A.2d 1189, 1190–91 (1990); *Rivers v. General Acc. Group*, 192 N.J.Super. 355, 470 A.2d 19, 21 (A.D.1983); *Kermacy v. First Unitarian Church*, 361 S.W.2d 734, 735 (Tex.Civ.App.1962).