AMERICAN EXPRESS FINANCIAL
ADVISORS INC., Plaintiff,

v.

Elizabeth THORLEY, John Adamczuk,
Tom Minigiello, Wade Sarkis, and
Gerald Randisi, Defendants.

No. 97–CV–6332L.

United States District Court,
W.D. New York.

Aug. 14, 1997.

William G. Gandy, Saperston & Day, Rochester, NY, David E. Schoenfeld, Patrick T. Nash, Grippo & Elden, Chicago, IL, for Plaintiff.

William G. Bauer, Woods, Oviatt, Gilman, Sturman & Clarke, Rochester, NY, Anthony Paduano, Jordan D. Becker, Smith, Campbell & Paduano, New York City, for Defendants.

## DECISION AND ORDER

LARIMER, Chief Judge.

### INTRODUCTION

Plaintiff, American Express Financial Advisors, Inc. ("American Express"), commenced this action against five individual defendants, all of whom allegedly are former sales agents of American Express. Plaintiff alleges that defendants are violating restrictive covenants in contracts that defendants entered into with American Express by soliciting and servicing clients whom they previously serviced during their tenure with American Express. Plaintiff seeks injunctive relief and damages.

Pursuant to the parties' contracts and rules of the National Association of Securities Dealers ("NASD"), plaintiff has also commenced an arbitration proceeding before the NASD seeking injunctive relief and damages against defendants. In the action at bar, plaintiff has moved for a preliminary injunction pending the outcome of the arbitration proceeding, as well as for an expedited hearing on its preliminary injunction motion and an expedited discovery schedule. Defendants have moved for an order staying this action pending arbitration.

### DISCUSSION

There is no dispute that this action must be stayed. Section 3 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 3, provides that if a court finds that the issue in a suit is referable to arbitration, the court "shall on application of one of the parties stay the trial

of the action until such arbitration has been had ..." "The FAA leaves no discretion with the district court in this matter." *McMahan Securities Co. L.P. v. Forum Capital Markets L.P.*, 35 F.3d 82, 85 (2d Cir.1994).

■ Although § 3 speaks only of staying "the trial," it has been interpreted also to include a stay of pretrial proceedings. *See, e.g., Corpman v. Prudential–Bache Securities, Inc.*, 907 F.2d 29, 31 (3d Cir.1990) (per curiam); *Suarez–Valdez v. Shearson Lehman/American Express, Inc.*, 858 F.2d 648 (11th Cir.1988) (per curiam). Nevertheless, in spite of this authority, a majority of circuits, including the Second Circuit, have held that a district court has jurisdiction to issue a preliminary injunction to preserve the status quo pending the outcome of arbitration. *See Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 910 F.2d 1049, 1052 (2d Cir. 1990); *Roso–Lino Bev. Distrib., Inc. v. Coca–Cola Bottling Co.*, 749 F.2d 124, 125 (2d Cir.1984) (per curiam). The issue before me, then, is whether the stay in this case should encompass plaintiff's motion for a preliminary injunction.

■ Prior to the commencement of their relationships with American Express, each defendant executed a "Form U–4—Uniform Application for Securities Industry Registration or Transfer." Contained in Form U–4 is the following statement: "I agree to arbitrate any dispute, claim or controversy that may arise between me and my firm, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of the organizations with which I register ..." Plaintiffs are registered with NASD, and there is no dispute between the parties in this case that the NASD Code of Arbitration Procedure mandates that the dispute giving rise to this action must be submitted to arbitration.

The FAA manifests "a liberal federal policy favoring arbitration agreements ..." *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983). Courts therefore frequently defer to arbitration as a means to reduce "the costliness and delays of litigation." *Genesco, Inc. v. T. Kakiuchi & Co.*, 815 F.2d 840, 844 (2d Cir.1987). *See also Santos v. American Broadcasting Co.*, 866 F.2d 892, 894 (6th Cir.1989) ("Where the parties to a contract that provides for arbitration have an arbitrable dispute, it is crystal clear that Congress has mandated that federal courts defer to contractual arbitration") (citing 9 U.S.C. §§ 3, 4).

I recognize that the pendency of an arbitration proceeding generally does not absolve a district court of its obligation to consider the merits of a motion for a preliminary injunction. *Roso–Lino*, 749 F.2d at 125. The particular posture of this case, however, leads me to conclude that consideration of plaintiff's motion would be nothing but a waste of time and resources on the part of all concerned. In addition, to the extent that there must be some evaluation of the "merits" of the dispute in deciding the application for injunctive relief, that analysis is best left for the arbitrators.

Rule 10335(d) of the NASD Code of Arbitration Procedure sets forth the procedures and timetable for handling applications for interim injunctive relief in an arbitration proceeding. The rule states that "[u]pon receipt of an application for an Immediate Injunctive Order, the Director shall endeavor to schedule a hearing no sooner than one and no later than three business days after receipt of the application ...," and that "[t]he arbitrator shall endeavor to grant or deny the application within one business day after the hearing and record are closed." Thus, American Express could seek precisely the same relief from an arbitrator that it seeks in this court, and that it could do so just as quickly in arbitration as here.

I realize that the rule also permits a party to seek injunctive relief in a court of competent jurisdiction. Significantly, however, Rule 10335(g) also states that "[i]f a court has issued an injunction against one of the parties to an arbitration agreement, unless otherwise specified by the court, any requested arbitration concerning the matter of the injunction shall proceed in an expedited manner according to a time schedule and procedures specified by the arbitration panel appointed under this Code." If I were to issue an injunction, then, the parties' dispute

would likely be considered very soon afterwards by an arbitration panel. In addition, were I to grant injunctive relief, I would make it a condition of any preliminary injunction order that the order be dissolved if the arbitration panel found that interim injunctive relief was not warranted. *See Merrill Lynch v. Salvano*, 999 F.2d 211, 216 (7th Cir.1993) (district court erred in extending temporary restraining order after arbitration panel was in place and able to consider plaintiff's request for injunctive relief); *Merrill Lynch v. Dutton*, 844 F.2d 726, 728 (10th Cir.1988) (remanding case with directions to "modify the preliminary injunction to expire when the issue of preserving the status quo is presented to and considered by the arbitration panel"); *Merrill Lynch v. Masri*, No. 96–CV–3804, 1996 WL 283644 *5 (E.D.Pa. May 28, 1996) (injunction would terminate automatically upon declaration by NASD arbitration panel that it should terminate); *Wells v. Merrill Lynch*, 919 F.Supp. 1047, 1055–56 (E.D.Ky.1994) (injunction would remain in effect until dissolved by arbitration panel); *Merrill Lynch, Pierce, Fenner & Smith v. Grall*, 836 F.Supp. 428, 434 (W.D.Mich.1993) (injunction order would remain in effect until arbitration panel addressed whether order should remain in effect).

To consider plaintiff's motion for an injunction, then, would accomplish nothing but adding an additional, wholly unnecessary step to this litigation. Since the order would only remain in effect if the arbitration panel found that it should, it clearly makes more sense for the parties to proceed directly to arbitration. *See In re Bankruptcy Case No. 91 B 23969*, No. 94 C 6226, 1994 WL 673055 *9 (N.D.Ill. Nov. 28, 1994) ("remanding the issues ... to the arbitration proceeding will reduce duplicative proceedings to a single forum which serves judicial economy and spares the resources of at least some of the parties ..."); *Coles Express v. New England Teamsters and Trucking Indus. Pension Fund*, 702 F.Supp. 355, 364 (D.Me.1988) (submission of dispute to arbitration in first instance would promote judicial economy and avoid piecemeal litigation).

Moreover, both sides agreed at oral argument that if the court were to proceed with the preliminary injunction motion, some discovery would be necessary, followed by a hearing. *See Fengler v. Numismatic Americana, Inc.*, 832 F.2d 745, 747 (2d Cir.1987) ("On a motion for preliminary injunction, where essential facts are in dispute, there must be a hearing ... and appropriate findings of fact must be made") (quoting *Visual Sciences, Inc. v. Integrated Communications, Inc.*, 660 F.2d 56, 58 (2d Cir.1981)). However, "[t]he overwhelming majority of cases ... hold that all discovery should be stayed where litigation is stayed pending arbitration." *Schacht v. Hartford Fire Ins. Co.*, No. 91 C 2228, 1991 WL 247644 *3 (N.D.Ill. Nov. 6, 1991) (collecting cases). If any discovery is to be had, then, it is preferable to have it occur in the arbitration proceeding under the supervision of the arbitration panel.

In short, under the particular facts of this case, it simply makes eminently good sense for plaintiff to seek injunctive relief in the arbitration proceeding rather than here. The NASD panel will be the ultimate arbiter of this dispute anyway, and to proceed in this court would run directly contrary to the policy favoring arbitration as a means to reduce "the costliness and delays of litigation." *Genesco*, 815 F.2d at 844. If plaintiff fails to avail itself of Rule 10335's provision for immediate injunctive orders, that is its own decision, and plaintiff cannot complain that such relief is unavailable.

Even if I were to consider plaintiff's motion, however, on the record before me now, it is questionable as to whether the motion would be granted. In the Second Circuit, a "party seeking a preliminary injunction must demonstrate '(1) irreparable harm should the injunction not be granted, and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief.'" *N.A.A.C.P., Inc. v. Town of East Haven*, 70 F.3d 219, 223 (2nd Cir.1995) (quoting *Resolution Trust Corp. v. Elman*, 949 F.2d 624, 626 (2d Cir.1991)).

Based again on the particular facts of this case, I believe that plaintiff has not demonstrated a threat of irreparable harm occurring prior to a decision by the arbitration panel. For one thing, as noted, plaintiff

could seek immediate injunctive relief in the arbitration proceeding, and the NASD rules provide for a hearing and an order in a matter of days. Although plaintiff contends that the process could take longer than that, I am not persuaded that there is a significant risk of any major delay. Given the fact that defendants resigned from their positions with American Express months ago, and have allegedly been wrongfully soliciting American Express clients ever since (in fact, they allegedly told their clients about their move to another firm even before they resigned), the short length of time that it would take for an arbitrator to rule on a request for an immediate injunctive order presents a comparatively very minor risk of harm to American Express.

Furthermore, any harm that American Express might suffer during this time period would be compensable by money damages. Although there is case law to the effect that loss of customer goodwill, trust and confidence in cases of this nature is immeasurable and therefore irreparable, of significance in the case at bar is the fact that defendants have allegedly been soliciting former clients for a period of several months. In terms of damage to American Express's reputation among its customers, then, the harm has been done; defendants' former customers have already been solicited. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bradley,* 756 F.2d 1048, 1054 (4th Cir.1985) (once solicitation occurs, "the damage is done. The customers cannot be 'unsolicited' ").

Any injury suffered by American Express between now and an arbitration decision, then, would probably be in the form of transactions conducted between defendants and their former clients. That damage could be measured by reference to defendants' commissions, and hence is remediable by money damages. That is particularly true given the short period of time that it would take to obtain an arbitration decision, which would mean that the number of such transactions occurring would in all likelihood be small.

## CONCLUSION

Defendants' motion to stay this action in favor of arbitration (Item 12) is granted. All proceedings in this action are stayed pending the outcome of the parties' arbitration proceeding.

Plaintiff's motions for a preliminary injunction (Item 2) and for an expedited motion hearing and discovery schedule (Item 3) are denied.

IT IS SO ORDERED.