147 F.3d 229
 AMERICAN EXPRESS FINANCIAL ADVISORS INC., Plaintiff-Appellant,
v.
Elizabeth THORLEY, John Adamczuk, Tom Minigiello, Wade
Sarkis and Gerald Randisi, Defendants-Appellees,
Susan Zimmerman-Priem, Consolidated Defendant-Appellee.
 Docket No. 98-7001.
 United States Court of Appeals,
Second Circuit.
 Argued June 10, 1998.
Decided June 26, 1998.
 
 David E. Schoenfeld, Nash, Grippo & Elden, Chicago, IL (Patrick T. Nash, of counsel), for Plaintiff-Appellant.
 Anthony Paduano, Smith Campbell & Paduano, New York City (Jordan D. Becker, of counsel), for Defendants-Appellees.
 Before: WINTER, Chief Judge, WALKER and CALABRESI, Circuit Judges.
 CALABRESI, Circuit Judge:
 
 
 1
 Must a district court, faced with a request for a preliminary injunction in a case whose underlying merits will ultimately be settled in arbitration, consider the merits of the injunction, or may it leave the question of temporary relief, like the ultimate resolution of the case, to the arbitrator? Plaintiff American Express, having begun arbitration proceedings against five of the defendants before us, sought a preliminary injunction pending the outcome of the arbitration. The district court declined to consider the petition on its merits and held that, in the circumstances of this case, the proper forum for plaintiff's request was arbitration. American Express Fin. Advisors Inc. v. Thorley, 971 F.Supp. 780 (W.D.N.Y.1997). When American Express later renewed its motion and added the final defendant, the district court in a consolidated action once again denied the motion. We vacate the district court's order and remand for a consideration of the merits of the preliminary injunction.
 
 BACKGROUND
 
 2
 Defendants are six financial planners who formerly practiced their trade as independent contractors affiliated with American Express. Under the terms of their contracts, the defendants agreed that in the event that they left American Express, they would not disclose confidential information that they had learned in the course of their work with American Express and they would refrain for a period of one year from soliciting customers whom they had served while with American Express. Between May and July of 1997, all six defendants left American Express. American Express alleges that since that time the defendants have been soliciting their former clients in violation of their contractual obligations. The contracts between American Express and each of the defendants expressly state that all disputes arising under those agreements are to be settled by arbitration before the National Association of Securities Dealers (NASD).
 
 
 3
 The contracts also specify, however, that American Express "is entitled to an injunction from a court of competent jurisdiction" to prevent continuing violations while arbitration is pending. On July 25, 1997, concurrently with its filing of a Statement of Claim before the NASD arbitrators, American Express filed a complaint against five of the defendants in the federal court for the Western District of New York. The complaint sought a preliminary injunction to prevent the defendants from continuing to solicit or transact business with clients whom they had served before leaving American Express.
 
 
 4
 Chief Judge Larimer, however, declined to issue a temporary injunction. He recognized that, as this Court held in Roso-Lino Beverage Distribs., Inc. v. Coca-Cola Bottling Co., 749 F.2d 124, 125 (2d Cir.1984) (per curiam ), the pendency of arbitration proceedings does not usually constitute a basis on which a district court can decline to consider the merits of a preliminary injunction. But he concluded that this case should be treated as an exception to the Roso-Lino rule because American Express could just as quickly obtain the same temporary equitable relief from the arbitrator as from a court. Chief Judge Larimer reasoned that a judicial proceeding would be a waste of time, thereby defeating a major purpose of arbitration. Noting the pro-arbitration policy of the Federal Arbitration Act, 9 U.S.C. § 1 et seq. ("FAA"), which seeks to avoid costly litigation by resolving disputes in arbitration, he referred the question of temporary relief to the arbitrator. See American Express, 971 F.Supp. at 781-82. While Chief Judge Larimer commented on the merits, he made no formal decision as to them. American Express subsequently renewed its motion against the five original defendants and added an additional defendant. For the same reasons as before, the district court again denied the injunction.
 
 DISCUSSION
 A. Standard of Review
 
 5
 When a district court issues or denies a preliminary injunction on its merits, we review the court's action only for abuse of discretion. See Molloy v. Metropolitan Transp. Auth., 94 F.3d 808, 811 (2d Cir.1996). Questions of law decided in connection with requests for preliminary injunctions, however, receive the same de novo review that is appropriate for issues of law generally. See Disabled Am. Veterans v. United States Department of Veterans Affairs, 962 F.2d 136, 140 (2d Cir.1992). And whether a district court should have reached the merits of a requested injunction is a question of law. It therefore entails de novo review.
 
 B. Consideration of the Merits
 
 6
 The Roso-Lino rule, that courts should consider the merits of a requested preliminary injunction even where the validity of the underlying claims will be determined in arbitration, does not admit of the exception that the district court made in this case. As we explained in Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 910 F.2d 1049 (2d Cir.1990), the expectation of speedy arbitration does not absolve the district court of its responsibility to decide requests for preliminary injunctions on their merits. See id. at 1052-54. Nor is this duty affected by the pro-arbitration policy manifested in the FAA. Id. at 1052, 1054.
 
 
 7
 In Blumenthal, we identified two reasons why such an exception should not be created. First, it would lead parties seeking injunctions to show that arbitral relief would be slow in coming, and such a showing would complicate the preliminary relief process. See id. at 1054. Since this process is supposed to be relatively streamlined, adding layers of procedure to it is generally unwise. This is especially so when the layers involve factors, like the possibility of delay, that are frequently speculative. See id. Second, temporary injunctions often foster rather than contradict the policy favoring arbitration. In many instances, it is by freezing the status quo that the meaningfulness of arbitration is best protected. See id. at 1053-54. For if events proceed unenjoined, the subject matter of arbitration may be irretrievably altered before an arbitral decision can be reached. See id.
 
 
 8
 In the present case, the contracts at issue explicitly state that the plaintiff is entitled to seek a temporary injunction in a court of competent jurisdiction while waiting for arbitration to occur. Accordingly, the matter is even clearer than it was in Blumenthal. To be sure, parties cannot by private agreement confer powers on the federal courts that those courts are barred from accepting. See, e.g., CFTC v. Schor, 478 U.S. 833, 850-51, 106 S.Ct. 3245, 92 L.Ed.2d 675 (1986) (parties cannot, by consent, remedy defects in Article III jurisdiction). But where, as here, courts do have the authority to consider the merits of requested injunctions, a contractual provision stating that plaintiffs may seek such relief in a court of competent jurisdiction amply reaffirms what the law already directs.
 
 
 9
 In this case, then, the contractual language entitling American Express to seek a preliminary injunction in a court of competent jurisdiction locates the contracts squarely within the Roso-Lino line of cases. See American Express Fin. Advisors, Inc. v. Makarewicz, 122 F.3d 936, 940 (11th Cir.1997) (construing, under Florida law, the same contract as validly permitting American Express to seek temporary judicial injunction pending arbitration), cert. denied, --- U.S. ----, 118 S.Ct. 1303, 140 L.Ed.2d 469 (1998); Koob v. IDS Fin. Servs. Inc., 213 A.D.2d 26, 31, 629 N.Y.S.2d 426 (N.Y.App.Div.1995) (same, applying Minnesota law).
 
 CONCLUSION
 
 10
 We therefore VACATE the order of the district court and REMAND for a decision on the merits of plaintiff's motion for a preliminary injunction pending arbitration--a decision that remains within the sound discretion of the district court.