**GRUNTAL & CO., L.L.C., Plaintiff,**

v.

**Ramnarace MAHARAJ and Parbatie Maharaj, Defendants.**

**No. 98 Civ. 6078.**

United States District Court, S.D. New York.

Sept. 8, 1998.

Lionel G. Hest, Fulbright & Jaworski, L.L.P., New York City, for Plaintiff.

Evan S. Zimmerman, Law Offices of Evan S. Zimmerman, P.C., New York City, for Defendants.

## MEMORANDUM OPINION

RAKOFF, District Judge.

A district court's authority to interfere with an ongoing securities arbitration is severely limited, as this case illustrates.

On August 26, 1998, plaintiff Gruntal & Co., L.L.C. ("Gruntal") applied to the Court for a temporary restraining order staying a hearing scheduled for September 3, 1998 before an arbitration panel of the National Association of Securities Dealers, Inc. ("NASD") in a matter styled *Ramnarace Maharaj and Parbatie Maharaj v. Gruntal & Co., Inc. and David Rajpatty,* NASD Case No. 97–05852. In the absence of the Honorable Lewis A. Kaplan, U.S.D.J. (to whom this case is otherwise assigned), the application was referred to this judge sitting in the Miscellaneous Part of this Court (Part I). Following oral argument on August 27, 1998, the Court denied Gruntal's application from the bench. *See* Order, August 27, 1998. This Memorandum Opinion will serve to confirm that determination and further elaborate the reasons therefor.

In the underlying arbitration proceeding, commenced on or about January 12, 1998, Mr. and Mrs. Maharaj (the "Maharajs") alleged that Gruntal, through its registered representative Rajpatty, made excessive, unauthorized, and unsuitable trades in the Maharajs' brokerage account. *See* Affidavit of Lionel G. Hest in Support of Application ("Hest Aff.") ¶ 5, Ex. A. In preparation for the arbitration hearing, which was scheduled to begin on August 27–28 and continue September 3–4, Gruntal, by letter dated April 29, 1998, demanded 39 categories of documents

and information from the Maharajs, who objected to the demands and declined to provide most of the documents and information. Hest Aff. ¶¶ 2, 8–9, Ex. C. Following further rebuffs from the Maharajs, *see* Hest Aff. ¶ 11, Ex. H, Gruntal petitioned the arbitration panel on July 28, 1998 to compel discovery from the Maharajs and to grant a three-month adjournment, to which the Maharajs consented, Hest Aff. ¶¶ 3, 12, Ex. I, J. The arbitration panel responded on August 11, 1998 by directing the Maharajs to produce the requested discovery "forthwith" and by admonishing the Maharajs that "Failure to produce [the withheld materials] will result in prohibition against introduction [of the materials] in the record during the hearings and allow [Gruntal] to draw any negative inferences therefrom." Hest Aff. ¶ 13, Ex. K. Adjournment of the hearing, however, was denied. *Id.*

Gruntal promptly petitioned the panel for reconsideration of the denial of adjournment, arguing that the remedy of preclusion might not suffice since Gruntal believed that the requested discovery might include exculpatory evidence that Gruntal itself might seek to introduce. Hest Aff. ¶ 14, Ex. L. The panel, although apparently deeming these arguments unpersuasive, nonetheless agreed to adjourn the initial hearing dates of August 27–28 and, instead, begin the hearing on September 3. Hest Aff. ¶ 20, Ex. P. Unsatisfied, Gruntal, by letter dated August 26, 1998, petitioned the panel for still further reconsideration, Hest Aff. ¶ 20, Ex. Q, and, without waiting for a response, filed the instant action in this Court that same day.

■ While describing its underlying Complaint as an action "seeking a temporary restraining order … and a preliminary injunction to stay an arbitration proceeding before the [NASD]," *see* Complaint ¶ 1, Gruntal in effect seeks an interlocutory appeal of a non-final, case-management order of an NASD arbitration panel. Although the issue is apparently one of first impression, this Court concludes that it lacks authority to entertain such an application. Moreover, even assuming *arguendo* that the Court has such authority, the application must still be denied given Gruntal's utter failure to show

the irreparable harm that is a necessary prerequisite to granting any injunctive relief.

■ Gruntal's Complaint alleges jurisdiction under the Federal Arbitration Act, 9 U.S.C. §§ 1–14, under § 10(b) of the Securities and Exchange Act, 15 U.S.C. § 78j(b), under 28 U.S.C. § 1331 (federal question jurisdiction), under 28 U.S.C. § 1332 (diversity jurisdiction), and under 28 U.S.C. § 1367 (supplemental jurisdiction). None of these, however, authorizes a federal court to entertain an interlocutory appeal from a non-final order of an arbitration panel to whose authority the parties have otherwise submitted.

Gruntal nonetheless purports to find implicit authority for such intervention in Section 10(a)(3) of the Federal Arbitration Act, 9 U.S.C. § 10(a)(3), which states in pertinent part that "the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration … [w]here the arbitrators were guilty of misconduct in refusing to postpone the hearing. . . ." *Id.* On its face, this section provides a post-award remedy, making no provision for either interlocutory or injunctive intervention. Gruntal nevertheless infers such authority from a passing remark in the portion of the opinion of the Honorable Robert W. Sweet, U.S.D.J., in *Storey v. Searle Blatt Ltd.,* 685 F.Supp. 80 (S.D.N.Y.1988), dealing with § 10(a)(3).

*Storey* was a petition to confirm an arbitration award, in which respondent cross-petitioned under § 10(a)(3) to vacate the award on the ground that the arbitrators had unreasonably refused respondent's last-minute request for an adjournment of the arbitration hearing. *Id.* at 81–82. The Court denied the cross-petition, first and foremost, because it concluded that the denial of the adjournment was reasonable. *Id.* at 82. Alternatively, the Court found that respondent had waived the objection because "respondent failed to undertake any of the steps that might reasonably have been required to preserve its right to seek vacatur." *Id.* at 83. Finally, as still another alternative ground of decision, the Court concluded that "respondent has failed to demonstrate that it was prejudiced

by the denial of the adjournment request." *Id.*

Focusing on the second of these three alternative holdings, Gruntal seizes on Judge Sweet's statement that "At minimum, respondent should have sought judicial relief prior to receipt of the award in order to preserve its objections to an adjournment denial." *Id.* Gruntal argues that this statement necessarily implies a district court's authority to entertain an interlocutory application to stay an arbitration proceeding on the ground that an adjournment has been unreasonably denied.

If this passing comment in *Storey* is to be read as Gruntal suggests, this Court is constrained to disagree with such an implication. But it may be doubted that Judge Sweet intended such an implication. At a minimum, Judge Sweet did not have in mind a pre-hearing intervention, since the sentence immediately preceding the one on which Gruntal relies premises the Court's finding of waiver on the fact, *inter alia,* that *"after the close of hearings,* respondent failed to seek judicial relief until after it had received an adverse decision." *Id.* (emphasis supplied). This suggests that the Court may simply have focused on the fact that respondent delayed until petitioner moved to confirm the award before raising its § 10(a)(3) objections. In any event, there is not the slightest suggestion anywhere in *Storey* that Judge Sweet actively considered, let alone relied on, his authority to entertain an interlocutory pre-hearing appeal under § 10(a)(3).

Such an intervention would undercut the expeditious resolution of a dispute, which, as *Storey* itself recognized, "is one of the principal purposes for referring a matter to arbitration." *Id.* at 82. It would also threaten a second, closely related purpose of arbitration, viz., to afford litigants an efficient and inexpensive forum for resolving their disputes. *See Folkways Music Publishers, Inc. v. Weiss,* 989 F.2d 108, 111 (2d Cir.1993). As the Court of Appeals has cautioned, "Undue judicial intervention would inevitably judicialize the arbitration process, thus defeating [such objectives]." *Tempo Shain Corp. v. Bertek, Inc.,* 120 F.3d 16, 19 (2d Cir.1997).

Even in a non-arbitration setting, such an interlocutory appeal would not normally lie, for as Gruntal acknowledged at oral argument, the adjournment decision from which it seeks relief would not, had it been made by a district court, properly have been the subject of an interlocutory appeal to the Court of Appeals. *See Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). It follows that, absent some explicit authority to the contrary, such an appeal may not be entertained in the context of an ongoing arbitration proceeding.[1] So far as this Court is aware, no such authority exists.

It remains only to add that, even if this Court were to assume, contrary to the foregoing holding, that it had authority to entertain the instant application, it would still deny the application, since § 10(a)(3) affords Gruntal fully adequate post-award relief for any injury it may claim from the allegedly unreasonable denial of the adjournment.[2] *See Tempo Shain Corp.,* 120 F.3d at 18.

For the foregoing reasons, the Court confirms its prior Order denying plaintiff's application for a temporary restraining order staying arbitration proceedings before the NASD.

**1.** Of course, a district court has authority to entertain an application for pre-arbitration injunctive relief, even if the merits are subsequently submitted to arbitration. *See, e.g., American Express Financial Advisors, Inc. v. Thorley,* 147 F.3d 229, 231 (2d Cir.1998). This bears no resemblance to the injunctive relief here sought.

**2.** In view of this Court's determinations, Gruntal's expressed fear that failure to pursue this interlocutory application would render it subject to a claim of waiver in any post-award proceeding has now been effectively eliminated.