DANCO EXPLORATION, INC., Appellant,

v.

STATE of Alaska, DEPARTMENT OF NATURAL RESOURCES, Appellee.

No. S–7012.

Supreme Court of Alaska.

Oct. 17, 1996.

Robert C. Erwin, Law Offices of Robert C. Erwin, Anchorage, for Appellant.

Virginia B. Ragle, Assistant Attorney General, Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COMPTON, C.J., RABINOWITZ, MATTHEWS and EASTAUGH, JJ., and SHORTELL, J. Pro Tem.*

* Sitting by assignment made pursuant to article

## OPINION

MATTHEWS, Justice.

This case concerns the claim of Danco Exploration, Inc., to interest on funds submitted in connection with seven State oil and gas tracts on which Danco was declared high bidder.

In a State lease sale Danco submitted a deposit of money equal to twenty percent of its bonus bids. On February 12, 1993, the Division of Oil and Gas of the Department of Natural Resources (DNR) notified Danco that it was the winning bidder for the seven tracts and that it must submit executed leases and stipulations and the balance of the bonus bids within thirty days. Danco timely paid the balance of the bonus bids, but was one day late in returning some of the other documents. On April 19, 1993, DNR notified Danco that the leases would not be issued, that the twenty percent deposit, $77,718.24, was forfeited, and that the balance of the bids would be returned to Danco.

Danco promptly requested reconsideration. This request was denied on May 11, 1993, by the director of the division. Danco appealed the director's decision on June 7, 1993, to the commissioner of DNR, who, on June 30, 1993, upheld the decision.

Meanwhile, on May 10, 1993, DNR mailed Danco a check in the sum of $343,763.48, representing the bonus bids paid by Danco, less the amount forfeited. This was received by Danco some time before May 18, 1993. Danco, however, did not cash the check. Instead, when Danco filed its appeal to the commissioner it included the uncashed check as an appeal document. The commissioner returned the check to Danco with his decision upholding the director.

Danco then filed an appeal in the superior court, while at the same time seeking a rehearing before the commissioner. The commissioner denied Danco's petition for rehearing on August 27, 1993. Danco initially claimed that when this occurred it cashed the check. The record reflects confusion on this point; for on August 30, 1993, DNR issued a stop payment order on the check and ordered a new check. The new check was

IV, section 16 of the Alaska Constitution.

tendered to Danco on September 21, 1993, and promptly cashed.

On October 10, 1994, the superior court reversed the commissioner's decision and ordered the commissioner to issue the leases upon receipt of the funds which had been refunded to Danco, plus interest. Credit would be given for the forfeited deposit. Danco then moved for an award of interest on the deposit from the date of forfeiture until the date of the superior court's decision and on the balance of the bonus payment from the time of forfeiture until Danco cashed the check. The State opposed this motion. The superior court ruled in favor of the State. From this ruling Danco appeals.

■ "[O]nly the legislature has the power to direct the assessment of interest against the sovereign." *Stewart & Grindle, Inc. v. State,* 524 P.2d 1242, 1245 (Alaska 1974). It follows that, except where the constitution directs otherwise, interest may not be assessed against the State except where interest is specifically authorized by the legislature. *Id.* ("[U]nless interest is specifically authorized by legislative enactment, it may not ordinarily be assessed against that State in any action.").

■ Danco argues with respect to the bid deposit that AS 09.50.280 authorizes the award of interest. That section provides:

If judgment is rendered for the plaintiff, it shall be for the legal amount found due from the state with legal interest from the date it became due and without punitive damages.

Section .280 only applies where AS 09.50.250 establishes a substantive cause of action. *Stewart & Grindle,* 524 P.2d at 1245. Section .250, in turn, provides in relevant part:

A person or corporation having a contract, quasi-contract, or tort claim against the state may bring an action against the state. A person who may present the

claim under AS 44.77 may not bring an action under this section except as set out in AS 44.77.040(c). A person who may bring an action under AS 36.30.560—36.30.695 may not bring an action under this section except as set out in AS 36.30.685.

Danco argues this case can be characterized as either a tort case for conversion or a contract claim and that either way the claim is within AS 09.50.250. Since Danco did not purport to bring this claim under section .250 its claim must be that it could have done so, and that it would be unduly technical to deny it interest based on a mere matter of form. We examine Danco's claim in this light.

■ Danco's claim that it could have sued the State in tort or in contract lacks merit. Oil and gas lessees and lease bidders which have grievances with the State must pursue the administrative procedures provided by 11 AAC 02.010, *et seq.* *See Standard Alaska Production Co. v. State,* 773 P.2d 201, 206–208 (Alaska 1989). Under these procedures the commissioner is the final administrative adjudicator. 11 AAC 02.010(c). A party aggrieved by the decision of the commissioner may appeal to the superior court "in accordance with the rules of court and to the extent permitted by applicable law." 11 AAC 02.010(d). The rules governing such appeals are set forth in Part VI of the Rules of Appellate Procedure. 11 AAC 02.010 appeals are not encompassed within AS 09.50.250. A party who brings an appeal from a commissioner's decision to the superior court is bound by the result of such an appeal and may not maintain a separate action under section .250. 11 AAC 02.010(d). Thus Danco could not have maintained a section .250 action for the forfeited funds.

■ Concerning the balance of the bonus bids, Danco has presented no comprehensible argument on which an award of interest might be based.[1] Thus we consider Danco's

---

1. Danco's argument is merely conclusory. It states: "The State of Alaska is liable for such interest for depriving Danco the use of the money for such period of time [until the check was returned the second time by the division] because the State had acted wrongfully in refusing to enter into the leases in question." In its reply

brief Danco adds a new theory based on 11 AAC 82.475 applicable to the return of deposits of unsuccessful bidders (which must be accomplished within five working days after a lease sale). This argument lacks merit for Danco was not an unsuccessful bidder and thus the regulation does not apply. Further, new arguments

argument concerning interest on the balance of the bonus bids to be waived. *See Adamson v. University of Alaska,* 819 P.2d 886, 889 n. 3 (Alaska 1991) ("[W]here a point is given only a cursory statement in the argument portion of a brief, the point will not be considered on appeal."); *L.E. Spitzer Co. v. Barron,* 581 P.2d 213, 218 (Alaska 1978) (a party waived an argument to which he gave only cursory treatment and for which he cited no authority); *Wernberg v. Matanuska Elec. Ass'n,* 494 P.2d 790, 794 (Alaska 1972) (although an argument was raised, the issue had only been given cursory treatment and was waived where no citation to any authority was provided).

AFFIRMED.

presented for the first time in reply briefs are considered waived. *See Sumner v. Eagle Nest Hotel,* 894 P.2d 628, 632 (Alaska 1995) ("This issue has been waived because it was raised first in the reply brief."); *Conam Alaska v. Bell Lavalin, Inc.,* 842 P.2d 148, 158 (Alaska 1992) ("[A] reply brief may not raise contentions not previously raised in either the appellant's or appellee's briefs."); Alaska Appellate Rule 212(c)(3) ("This [reply] brief may raise no contentions not previously raised in either the appellant's or appellee's briefs.").