STATE of Alaska, Appellant,

v.

ALASKA STATE EMPLOYEES
ASSOCIATION, AFSCME,
AFL–CIO, Appellee.

No. S–12686.

Supreme Court of Alaska.

Aug. 22, 2008.

William E. Milks, Assistant Attorney General, Talis J. Colberg, Attorney General, Juneau, for Appellant.

Bradley D. Owens, Jermain Dunnagain & Owens, P.C., Anchorage, for Appellee.

Before: MATTHEWS, EASTAUGH, CARPENETI, and WINFREE, Justices.

*OPINION*

MATTHEWS, Justice.

The question presented is whether the State is protected by sovereign immunity from payment of prejudgment interest on an

award made by an arbitrator under a collective bargaining agreement. The superior court decided that the State was not so protected and awarded prejudgment interest on the arbitrator's award. We largely affirm because the enforcement of the arbitrator's award in this case sounds in contract and is enforceable in a proceeding encompassed by the general statute applicable to contract claims against the State, which waives immunity as to prejudgment interest.

## I. FACTS AND PROCEEDINGS

Wesley Thompson was an engineer and facilities manager for the State of Alaska and a shop steward for the Alaska State Employees Association, AFSCME Local 52, AFL–CIO (ASEA). On March 9, 2005, Thompson served as a union representative in an investigatory hearing regarding Lawrence Rodriguez, another union member. The State's representatives were Harold Riley, a supervisor, Darice Walter, a human resource specialist, and Lieutenant Colonel Craig Schreiber, a federal construction and facilities management officer. The meeting began with an argument over procedures. When Riley attempted to interrogate Rodriguez using a list of questions that he refused to disclose to Thompson, Thompson and Riley engaged in a heated argument. After both sides briefly caucused, Riley ordered Thompson to leave the premises. Another argument ensued and Thompson and Riley began shouting at one another. During this argument Thompson directed a profane statement at Riley. With the assistance of a third party, the argument subsided.

The State initiated an investigation of Thompson's conduct at the meeting. It interviewed Thompson. Then it interviewed him again to determine if he was dishonest during the first interview. At the conclusion of its investigation, the State suspended Thompson without pay for thirty days for making "profane and provocative statements

to a supervisor." The State also terminated Thompson's employment for dishonesty during the first interview. Thompson, represented by ASEA, filed a grievance and the parties went to arbitration.

The arbitrator upheld the thirty-day suspension without pay but found that the State failed to show just cause to terminate Thompson. The arbitrator ordered the State to reinstate Thompson with back pay. The decision did not award, nor did it discuss, interest on Thompson's back pay.

ASEA filed suit in superior court after the State failed to comply with the arbitrator's decision.[1] ASEA sought a judgment directing the State to comply with the arbitrator's award and compensating Thompson in accordance with the award. In its answer and counterclaim, the State argued that the superior court should vacate part of the arbitrator's decision because the arbitrator considered evidence outside of the record. Both sides moved for summary judgment.

The superior court rejected the State's summary judgment motion, but granted summary judgment in favor of ASEA. In the final judgment that followed, the court expressed as a sum certain the arbitrator's award of back pay damages, added $23,806.52 in prejudgment interest, and provided for post-judgment interest. The interest began accruing on April 14, 2005, the date on which Thompson's thirty-day suspension without pay ended.[2] The court combined principal with prejudgment interest for the purpose of calculating ASEA's Alaska Civil Rule 82 attorney's fees.

On appeal, the State argues that it is immune as a sovereign from the award of prejudgment interest.[3] It also asks that the award of Rule 82 attorney's fees to ASEA be recalculated to reflect deletion of the interest award.

---

1. The award was made May 11, 2006; suit was filed two months later on July 13.

2. Thus the interest award covered three time periods: (1) pre-arbitrator award interest, (2) post-arbitrator award, but pre-superior court judgment interest, and (3) post-superior court

judgment interest. As discussed in Part II.B, the parties only dispute the award of interest for the second time period.

3. The State does not contest the superior court's award of post-judgment interest.

## II. DISCUSSION

### A. AS 09.50.250 Applies and Waives Sovereign Immunity for Prejudgment Interest.

 The Alaska Constitution waives absolute sovereign immunity, but retains a restricted version of immunity.[4] Under the latter, "[w]e have consistently stated that prejudgment interest may not be assessed against the state unless specifically authorized by legislation."[5] The applicability of sovereign immunity presents a question of law that we review de novo.[6]

The fundamental disagreement in this case is whether prejudgment interest is specifically authorized for claims of the type presented here. The State argues that this case is a suit to confirm an arbitrator's award and that it arises under the Public Employment Relations Act (PERA).[7] The State contends that PERA does not waive sovereign immunity for awards of prejudgment interest.

ASEA argues that the suit was brought to enforce the arbitrator's award and that the State had agreed by contract to be bound by such awards. ASEA therefore argues that its claim was a contract claim and as such fell within the general statute governing contract claims against the State, AS 09.50.250.

For the reasons that follow, we conclude that the current litigation is a contract claim cognizable under AS 09.50.250.

### 1. The competing statutes

Alaska Statute 09.50.250 contains a general consent to suit for a variety of contract, quasi-contract, and tort claims against the State.[8] Alaska Statute 09.50.280 allows awards of prejudgment interest against the State for claims brought under AS 09.50.250.[9]

The Public Employment Relations Act grants public employees "the right to share in the decision-making process affecting wages and working conditions" by authorizing collective bargaining.[10] As part of the collective bargaining process, PERA mandates that a collective bargaining agreement (CBA) "shall include a grievance procedure which shall have binding arbitration as its final step."[11] PERA provides that either party to a CBA "has a right of action to enforce the agreement by petition to the labor relations agency."[12] A regulation promulgated by the Alaska Labor Relations Agency provides that the agency can hear petitions to enforce an arbitrator's decision.[13] The parties do not cite this regulation, nor did either party file a petition before the agency seeking to enforce or vacate the arbitration award.

4. Alaska Const. art. II, § 21; *see generally Glover v. State, Dep't of Transp., Alaska Marine Highway Sys.,* 175 P.3d 1240, 1245–52 (Alaska 2008).

5. *Hawken Nw., Inc. v. State, Dep't of Admin.,* 76 P.3d 371, 382 (Alaska 2003) (citation omitted).

6. *See Runyon ex rel. B.R. v. Ass'n of Vill. Council Presidents,* 84 P.3d 437, 439 (Alaska 2004).

7. AS 23.40.070–.260.

8. AS 09.50.250 provides in relevant part:
A person or corporation having a contract, quasi-contract, or tort claim against the state may bring an action against the state in a state court that has jurisdiction over the claim. A person who may present the claim under AS 44.77 may not bring an action under this section except as set out in AS 44.77.040(c). A person who may bring an action under AS 36.30.560–.695 may not bring an action under this section except as set out in AS 36.30.685.

9. AS 09.50.280 provides as follows: "If judgment is rendered for the plaintiff, it shall be for the legal amount found due from the state with inter-

est as provided under AS 09.30.070 and without punitive damages." *See also Stewart & Grindle, Inc. v. State,* 524 P.2d 1242, 1245 (Alaska 1974) (section .280 provides for the payment of prejudgment interest but only in cases authorized under section .250).

10. AS 23.40.070.

11. AS 23.40.210(a).

12. *Id.*

13. *See* 8 Alaska Administrative Code (AAC) 97.510(a) (2004). The regulation provides:

(a) A party to a collective bargaining agreement may file a petition with the labor relations agency to enforce the agreement. The petition must include

. . . .

(5) a copy of the grievance arbitrator's decision, if the petition is to enforce an arbitrator's decision. . . .

### 2. The collective bargaining agreement

The CBA sets forth a four-step process for resolving grievances between the union and the State. Arbitration is the final step of the dispute resolution process. If arbitration occurs, the CBA provides that "the decision or award of the arbitrator shall be final and binding."

In this case, ASEA invoked the CBA's grievance procedure and took the dispute to arbitration. The arbitrator upheld the decision to suspend Thompson without pay but reversed the termination of his employment with back pay. The State did not abide by the award, contrary to the CBA's clause mandating that the arbitration be final and binding. The State's delayed compliance led to ASEA's suit in superior court.

### 3. ASEA's suit was a contract claim.

█ The State contends that ASEA's suit in superior court was merely an extension of the arbitration proceeding. It argues that the action arose under PERA and that PERA says nothing about State liability for prejudgment interest. The State concludes therefore that sovereign immunity bars the award of prejudgment interest.

In particular, the State argues that this case could not have been brought under AS 09.50.250—and, implicitly, that it was not brought under that statute. The State contends that "[t]his [c]ourt has recognized that claims that must be litigated through administrative procedures cannot be brought under AS 09.50.250 and thus cannot include awards of prejudgment interest." For this proposition, the State cites three cases, *Hawken Northwest, Inc. v. State, Department of Administration,*[14] *Quality Asphalt Paving, Inc. v. State, Department of Transportation & Public Facilities,*[15] and *Samissa Anchorage, Inc. v. State, Department of Health & Social Services.*[16] The State compares administra-tive adjudication to arbitration and concludes, "as in the administrative appeals context ... the parties must follow a statutorily required alternative procedure to resolve collective bargaining agreement disputes, and cannot take claims directly to superior court."

Two of the cases relied on by the State, *Hawken* and *Quality Asphalt,* concerned claims that were explicitly excluded from coverage under AS 09.50.250. Both *Hawken* and *Quality Asphalt* involved claims filed against the State under the state procurement code, AS 36.30, and the claims were adjudicated administratively pursuant to the code. By the express terms of AS 09.50.250, an entity that may bring an action under the state procurement code may not bring an action under section .250.[17]

The *Samissa* claim, however, unlike the claims in *Hawken* and *Quality Asphalt,* was not per se excluded from coverage under AS 09.50.250. *Samissa* involved a medicaid rate appeal brought by a hospital under regulations promulgated by the Department of Health and Social Services. The appeal was prosecuted successfully and the department ruled that the rate should be recalculated and the hospital should receive retroactive compensation. But the department denied the hospital prejudgment interest. On appeal to the superior court, the court, after initially ruling to the contrary, denied prejudgment interest. The court ruled that the hospital could not have brought an action under AS 09.50.250 because the exclusive remedy for a challenge to medicaid rates was the remedy defined in the regulations. On appeal this court affirmed. We recognized that "this case turns on whether [the hospital] brought or could have brought an action under section .250."[18] We held that such an action could not have been brought because the administrative remedy was exclusive "and did not permit a separate action under section .250."[19]

14. 76 P.3d 371 (Alaska 2003).

15. 71 P.3d 865 (Alaska 2003).

16. 57 P.3d 676 (Alaska 2002).

17. *See supra* note 8. There is one exception, but it did not apply in either *Hawken* or *Quality Asphalt.*

18. *Samissa,* 57 P.3d at 679.

19. *Id.* at 680. In *Danco Exploration, Inc. v. State, Department of Natural Resources,* 924 P.2d

For *Samissa* to be persuasive analogous authority in this case, the State would have to establish that the regulation providing for labor agency enforcement of an arbitrator's decision is the exclusive remedy for enforcement of such a decision. But the State makes no such argument. Further, it did not object to the superior court's jurisdiction to hear ASEA's case. Instead it invoked the jurisdiction of the court to hear its counterclaim to vacate the award. Thus the State has waived any claim that ASEA was required to seek enforcement of the arbitrator's award before the Labor Relations Agency.[20]

*Samissa, Hawken,* and *Quality Asphalt* differ from this case in another important respect. In those cases the prescribed administrative adjudicative procedure was followed. The superior court in each of these cases acted as an appellate court from a final decision of an administrative agency. Review was conducted under part six of the Alaska Rules of Appellate Procedure. Here,

by contrast, there was no administrative adjudication and no administrative appeal was possible.

The arbitrator's decision in this case was not only not judicially reviewable under the appellate rules, it was likewise not judicially reviewable under any statute pertaining to arbitration.[21] PERA also is silent on the subject of judicial review of arbitration awards.[22] Since it is not contested in this case that a judicial remedy was available, and since no specific statute or rule prescribed or defined the remedy, it seems right to conclude that the remedy that was available had its source in decisional law.

There are numerous authorities that hold that in the absence of statute a suit to confirm an arbitrator's award where arbitration has been contracted for is a suit to enforce a contract. At common law, an "arbitration award is not self-enforcing. An action at law such as a contract action is an appropriate vehicle for enforcing the award."[23] ASEA's

---

432 (Alaska 1996), we reached a similar conclusion, holding that an administrative remedy for aggrieved oil and gas lease bidders was an exclusive remedy. *Id.* at 434. We distinguish *Danco* for the same reasons that we distinguish *Samissa.*

**20.** *See, e.g., Gates v. City of Tenakee Springs,* 822 P.2d 455, 460–61 (Alaska 1991) (claims that are not raised before the superior court or that are inadequately raised before this court are deemed waived). Given our conclusion concerning waiver we have no occasion to decide whether the exclusive method of enforcing arbitration awards made under collective bargaining agreements pursuant to PERA is by a petition to the Labor Relations Agency. We note that our jurisprudence contains numerous cases where the validity of such awards was litigated directly in court. *E.g., Baseden v. State,* 174 P.3d 233, 237 (Alaska 2008) (considering a suit challenging an arbitration award); *Univ. of Alaska Classified Employees Ass'n v. Univ. of Alaska,* 988 P.2d 105, 106–07 (Alaska 1999) (considering a suit to enforce an arbitration award); *Fairbanks Police Dep't Chapter, Alaska Pub. Employees Ass'n v. City of Fairbanks,* 920 P.2d 273, 274 (Alaska 1996) (arbitration enforcement). In none of these cases, however, was an objection raised that exclusive, or primary, jurisdiction lay in the Labor Relations Agency. In *Carter v. Alaska Public Employees Ass'n,* 663 P.2d 916, 922 (Alaska 1983), we recognized that PERA does not vest exclusive jurisdiction in the Labor Relations Agency for questions of whether a public employer must release information pertaining to employees whom a union sought to organize; but we do not

suggest that *Carter* would necessarily control the question of agency jurisdiction to enforce arbitration awards.

**21.** Alaska's two arbitration statutes, the Uniform Arbitration Act and the Revised Uniform Arbitration Act, both provide that they do not apply to labor management contracts. *See* AS 09.43.010(a) and AS 09.43.300(c).

**22.** A section of PERA, AS 23.40.200(f), states that the parties to a CBA may provide that arbitration is to be conducted under the provisions of the Uniform Arbitration Act or the Revised Uniform Arbitration Act. In order to so provide the CBA must incorporate one of the acts into the agreement "by reference." The CBA in this case does not incorporate either act by reference and the parties do not argue that either act applies.

**23.** 4 Am.Jur 2d *Alternative Dispute Resolution* § 195 (2007) (footnotes omitted); *accord* 6 C.J.S. *Arbitration* § 192 (2004); Frank Elkouri & Edna Asper Elkouri, How Arbitration Works 97 (Alan Miles Rubin et al. eds., 6th ed. 2003) ("At common law, the issuance of an award generally bars any subsequent action on the original claim, but suit may be filed for enforcement of the award itself to the same extent as any contract."); Fairweather's Practice and Procedure in Labor Arbitration 455 (Ray J. Schoonhover, et al. eds., 3d ed.1991) (explaining that prior to the advent of arbitration statutes, "[c]onfirmations of arbitration actions were previously made in state courts under the common law writ of *assumpsit* ").

action to enforce the arbitrator's award in this case fits comfortably within these authorities.[24]

Since we conclude that ASEA's suit can properly be characterized as a contract claim recognized at common law, we conclude that it is encompassed by AS 09.50.250 which, as we have seen, generally applies to contract claims against the State. Since prejudgment interest is authorized for suits brought under AS 09.50.250, the State's sovereign immunity argument must be rejected.[25]

## B. The Proper Award of Interest and Attorney's Fees

Under the superior court's order, interest began accruing the day after Thompson's thirty-day suspension ended. At oral argument, ASEA conceded that the superior court lacked the power to award interest accruing before the arbitrator's award.[26] In its brief, the State conceded that interest could accrue after the superior court's judgment. Thus the interest award for the time after the arbitrator's award but before the superior court's judgment is all that is in contention at this point.

> Other jurisdictions have applied this rule. *See, e.g., Kentucky River Mills v. Jackson,* 206 F.2d 111, 120 (6th Cir.1953) ("Prior to the enactment of the United States Arbitration Act, an action at law on the [arbitrator's] award was the proper method of enforcing it."); *State Cent. Collection Unit v. Gettes,* 321 Md. 671, 584 A.2d 689, 696 (1991) ("Before statutes or court rules provided for confirmation .... [s]uit could be brought on the award against the party who lost the arbitration.... Basically the action was in assumpsit."); *Policeman's Benevolent Ass'n, Local 292 v. Borough of N. Haledon,* 158 N.J. 392, 730 A.2d 320, 326 (1999) (noting that the statute of limitations for a common law confirmation action was the statute of limitations for a common law contract action).

**24.** *See* Dorothy Dowell, *Judicial Enforcement of Arbitration Awards in Labor Disputes,* 3 Rutgers L.Rev. 65, 70–71 (1949) ("The award having been rendered, the parties are bound by their contract to abide by it; hence, the award partakes of the nature of a contract.... The enforcement of awards at common law, then ... is governed by common law rules of contract and procedure.").

**25.** The State argues that any action for breach of the CBA was itself subject to compulsory arbitration per the CBA. But the State did not make this

## III. CONCLUSION

Because we conclude that ASEA stated a contract claim encompassed within AS 09.50.250, the waiver of sovereign immunity for interest contained in AS 09.50.280 applies and the award of interest should accrue from the date of the arbitrator's decision. The award of attorney's fees to ASEA should be modified to reflect the reduced judgment in favor of ASEA.

We REMAND this case for further proceedings consistent with this opinion.

FABE, Chief Justice, not participating.

argument before the superior court. Rather, as already noted, the State accepted that the superior court could hear the case, defended its actions, and argued that the superior court should invoke its powers to vacate the arbitrator's award due to perceived improprieties in the arbitrator's consideration of evidence not presented during the arbitration hearing. The State cannot now argue that the proper procedure for treating ASEA's breach of contract claim was a new round of arbitration. *See, e.g., Hartman v. State, Dep't of Admin., Div. of Motor Vehicles,* 152 P.3d 1118, 1122 n. 8 (Alaska 2007) (holding an argument waived for failure to raise it before the superior court).

**26.** *See Ebasco Constructors, Inc. v. Ahtna, Inc.,* 932 P.2d 1312, 1317–18 (Alaska 1997) (holding that awards of pre-arbitration interest must be made by arbitrators). At oral argument, ASEA asked that we remand this case to the superior court with instructions to remand to the arbitrator for consideration of an award of pre-arbitration interest. We do not follow ASEA's proposed course of action because ASEA had an adequate opportunity to raise this issue before the arbitrator during the arbitration hearing.