NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

## THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| In the Matter of the Necessity for the Hospitalization of | ) ) ) | Supreme Court No. S-18266 |
| MARK V. | ) ) ) ) ) ) ) ) ) | Superior Court No. 3AN-16-00221 PR<br><br>MEMORANDUM OPINION AND JUDGMENT*<br><br>No. 2030 – May 22, 2024 |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Una S. Gandbhir, Judge.

Appearances: Rachel Cella, Assistant Public Defender, and Samantha Cherot, Public Defender, Anchorage, for Mark V. Katherine Demarest, Assistant Attorney General, Anchorage, and Treg R. Taylor, Attorney General, Juneau, for State of Alaska.

Before: Maassen, Chief Justice, and Carney, Henderson, and Pate, Justices. [Borghesan, Justice, not participating.]

## I.    INTRODUCTION

A man with severe mental illness stabbed his parents during a psychotic episode and was subsequently committed to a psychiatric hospital, where he has remained for a number of years. He appeals his most recent commitment order after a

---

\*    Entered under Alaska Appellate Rule 214.

non-unanimous jury returned a verdict that he was likely to cause harm to himself or others. He argues that he has a constitutional right to a unanimous verdict in civil commitment proceedings. But he failed to preserve this constitutional claim for appeal. We conclude it was not plain error to allow a non-unanimous verdict and affirm the commitment order.

## II.    FACTS AND PROCEEDINGS

### A.    Facts

Mark V.[1] has a history of serious mental illness. He suffers from schizoaffective disorder, bipolar type. During a psychotic episode in 2015, Mark stabbed his parents, causing serious injuries. The superior court ordered Mark committed to the Alaska Psychiatric Institute (API) in 2015 for evaluation and treatment. Mark has been subject to numerous consecutive involuntary commitment orders since then, and he has appealed several prior cases related to his hospitalization at API.[2]

### B.    Trial and Commitment Order

In April 2021, API filed a petition to extend Mark's involuntary commitment by 180 days. The court held a jury trial on the petition. The court reviewed jury instructions with both parties immediately prior to trial. The six-member jury heard testimony in support of the petition.

After presentation of the evidence the court provided the jury with a special verdict form with two questions: "[H]as the state proven by clear and

---

[1]    We use a pseudonym to protect Mark's privacy.

[2]    *See In re Hospitalization of Mark V.*, No. S-17881, 2022 WL 165057 (Alaska Jan. 19, 2022); *In re Hospitalization of Mark V.*, 501 P.3d 228 (Alaska 2021); *In re Hospitalization of Mark V.*, 375 P.3d 51 (Alaska 2016), *abrogated in part by In re Hospitalization of Naomi B.*, 435 P.3d 918 (Alaska 2019); *In re Hospitalization of Mark V.*, 324 P.3d 840 (Alaska 2014), *overruled in part by In re Naomi B.*, 435 P.3d 918.

convincing evidence that the respondent is mentally ill?" and "[H]as the state proven by clear and convincing evidence that, as a result of mental illness, the respondent is likely to cause harm to themselves or others?"  The jury also received the following instruction, which neither party challenged at that time:

> At least five of you must agree to the answer to each question on the verdict form.  But the same five people need not agree on each answer.  When at least five of you reach agreement on each question that you are required to answer, your foreperson should date and sign the verdict form.

All six jurors returned a verdict that Mark was mentally ill, and five of the six returned a verdict that he was likely to cause harm to himself or others.  The court accepted the jury's verdict and asked the parties whether they had any other issues to raise before the jury was released.  Neither party raised any objection to the verdict at that time or during the subsequent hearing on the question of whether involuntary commitment at API was the least restrictive alternative for Mark's treatment.  In October 2021, the court granted the petition to extend Mark's involuntary commitment.

### C.    Post-Trial Proceedings

Mark subsequently moved for a new trial pursuant to Alaska Civil Rule 59.  He argued the court's decision to accept the non-unanimous jury verdict violated his due process rights under the Alaska Constitution and the United States Constitution because the petition for involuntary commitment implicated his liberty interests.  Analogizing to the constitutional requirement for unanimous verdicts in criminal trials, Mark argued, "[T]he right to a unanimous jury verdict should apply in the context of civil commitment."

The court denied Mark's motion for a new trial.  It held that because Mark "did not object to the instructions" informing the jury that it could reach a verdict by a five-sixths majority vote, Mark had "effectively waived any objections to the [non-unanimous] verdict . . . to the extent those objections are based on the need for a unanimous verdict."  The court reasoned that "commitment hearings are civil matters"

that "serve a regulatory purpose and not a punitive purpose." The court concluded that under AS 47.30.745(c) and AS 09.20.100, Mark was "entitled to a six-person jury" which could commit him "by a five-sixths verdict."

Mark appeals.

## III.  DISCUSSION

The proper time to object to a jury instruction is before the jury begins its deliberations.[3] Because Mark's objection turns on a question of law that the court addressed in a jury instruction and Mark raised the issue for the first time in a motion for a new trial after the jury had been excused, he failed to preserve the issue for appellate review.[4]

In this case, the court gave the parties ample opportunity to object to the proposed jury instructions.[5] The challenged instruction stated, "At least five [jurors] must agree to the answer to each question on the verdict form" and directed the jury

---

[3]     Alaska R. Civ. P. 51(a) ("No party may assign as error the giving or the failure to give an instruction unless the party objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which the party objects and the grounds of the objection."); *see also Roderer v. Dash*, 233 P.3d 1101, 1110 (Alaska 2010) ("Absent a specific objection at trial that complies with [Alaska Civil] Rule 51(a), we 'will not review [a] jury instruction unless the giving of the challenged instruction was plain error.'" (second alteration in original) (quoting *Conam Alaska v. Bell Lavalin, Inc.*, 842 P.2d 148, 153 (Alaska 1992))).

[4]     *See Gen. Motors Corp. v. Farnsworth*, 965 P.2d 1209, 1222 n.17 (Alaska 1998) (concluding party waived argument raised for first time in motion for new trial and other post-verdict relief); *see also Pierce v. State*, 627 P.2d 211, 218 (Alaska App. 1981) (reviewing only for plain error issue raised for first time in motion for new trial); *accord State v. Kelly*, 999 A.2d 303, 307 (N.H. 2010) ("[A]n objection to jury instructions raised for the first time in a motion for a new trial is not timely.").

[5]     *See* Alaska R. Civ. P. 51(a) ("The court shall inform counsel of the final form of jury instructions prior to their arguments to the jury . . . .  Opportunity must be given to make the objection [to jury instructions] out of the hearing of the jury, by excusing the jury or hearing objections in chambers.").

foreperson to sign and date the verdict form "[w]hen at least five [jurors] reach agreement on each question."  Mark did not raise a timely objection to this instruction. Instead, when the court inquired as to objections, Mark's attorney replied, "I didn't see any issues."

Granting full appellate review under these circumstances would circumvent the purpose of Alaska Civil Rule 51(a), which is to afford the trial judge "an opportunity to correct [the] charge before it goes to the jury."[6]  If Mark had raised his objection before the jury began deliberating, the court could have determined whether to modify the instruction.

Mark also had a second opportunity to raise his objection after the poll of the jury revealed the non-unanimous verdict.  He did not take that opportunity either. If Mark had raised his objection at that time and the court agreed, it may have been able to avoid any potential prejudice to Mark by instructing the jury to continue deliberating for a reasonable time in an effort to reach a unanimous verdict.[7]

Because Mark failed to preserve his procedural due process challenge, we review the court's decision for plain error.[8]  To show a violation of his procedural due process rights, Mark would have needed to show that the five-sixths voting threshold placed him at risk of an erroneous deprivation of liberty or another protected interest and that requiring a unanimous verdict would have mitigated that risk.[9]  However,

---

**6**      *See Saxton v. Harris*, 395 P.2d 71, 73 (Alaska 1964).

**7**      *See Fields v. State*, 487 P.2d 831, 842-43 (Alaska 1971) (recommending instruction restating unanimity requirement that could be given to apparently deadlocked jury in criminal case).

**8**      *See Sampson v. Alaska Airlines, Inc.*, 467 P.3d 1072, 1074 (Alaska 2020).

**9**      *See D.M. v. State, Div. of Fam. & Youth Servs.*, 995 P.2d 205, 212 (Alaska 2000) (explaining we consider "the risk of an erroneous deprivation of [a private] interest through the procedures used, and the probable value, if any, of additional or

Mark's failure to raise this argument in the superior court prevented the development of a record that might have supported his claim, and Mark has not shown that an instruction requiring a unanimous verdict would have altered the result of trial or reduced the likelihood of an erroneous decision.[10]  Therefore, it was not plain error for the court to allow a non-unanimous verdict.[11]

Mark urges us to reverse without applying the plain-error test, which we may do when the record reveals a "structural" or "fundamental" error.[12]  However, Mark did not provide more than a cursory argument on "structural error" or "fundamental error" until his reply brief on appeal, and we consider new arguments

---

substitute procedural safeguards" when deciding what process is due (quoting *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976))); *Sarah A. v. State, Dep't of Health & Soc. Servs., Off. of Child.'s Servs.*, 427 P.3d 771, 778 (Alaska 2018) (applying same considerations when interpreting due process clause in article I, section 7 of Alaska Constitution).

[10]    *See Conam Alaska v. Bell Lavalin, Inc.*, 842 P.2d 148, 153 (Alaska 1992) (explaining incorrect jury instruction is plain error only if "a correct instruction would have likely altered the result" and noting party challenging instruction bears "a heavy burden . . . to prove that an error was *highly likely* determinative" (emphasis in original)).

Mark offers authority to support the general proposition that allowing non-unanimous jury verdicts increases the chances of an erroneous deprivation of liberty. But in the absence of a record regarding the effect of allowing a non-unanimous verdict *in this case*, authorities supporting his position in the abstract do not convince us that allowing such a verdict was plain error.

[11]    *See In re Hospitalization of Mark. V.*, 501 P.3d 228, 235 (Alaska 2021) ("A plain error involves an 'obvious mistake' that is 'obviously prejudicial.' " (quoting *In re Hospitalization of Gabriel C.*, 324 P.3d 835, 838 (Alaska 2014))).

[12]    *See Alvarez-Perdomo v. State*, 454 P.3d 998, 1003 (Alaska 2019) (holding "structural errors require automatic reversal and a new trial," regardless of whether error may have been harmless beyond reasonable doubt); *Johnson v. State*, 328 P.3d 77, 84-85 (Alaska 2014) (holding certain "claims of fundamental error . . . may be raised for the first time on appeal and will be reviewed on the merits in full, regardless of whether the claimed errors would qualify as plain under the plain error doctrine").

presented for the first time in reply briefs to be waived.[13] Even if Mark had not waived these arguments, they would fail; we discern no structural or fundamental error in this case.

We therefore affirm the court's order without reaching the question of whether article I, section 7 of the Alaska Constitution requires unanimous jury verdicts in involuntary commitment trials.

## IV.     CONCLUSION

We AFFIRM the superior court's commitment order.

---

[13]     *Danco Expl., Inc. v. State, Dep't of Nat. Res.*, 924 P.2d 432, 434 n.1 (Alaska 1996); *see also Adamson v. Univ. of Alaska*, 819 P.2d 886, 889 n.3 (Alaska 1991) ("[W]here a point is given only a cursory statement in the argument portion of a brief, the point will not be considered on appeal.").