■ STATEN ISLAND SAVINGS BANK, Appellant, v ROBERT REDDINGTON et al., Respondents. [687 NYS2d 707] —In an action, *inter alia,* to set aside a conveyance as fraudulent under the Debtor and Creditor Law, the plaintiff appeals from an order of the Supreme Court, Richmond County (Leone, J.), entered August 6, 1998, which denied its motion for partial summary judgment.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action against the defendants Robert and Carmel Reddington seeking, *inter alia,* to set aside a conveyance between the defendants as fraudulent as against it. Pursuant to the subject conveyance, recorded in April of 1992, Robert conveyed to Carmel, his wife, his share of the parties' marital home for the stated consideration of "Ten and More" dollars. After issue was joined, the plaintiff moved for partial summary judgment arguing, *inter alia,* that the conveyance was fraudulent as against it within the meaning of Debtor and Creditor Law § 273. In the order appealed from, the Supreme Court denied such relief. We now affirm.

Debtor and Creditor Law § 273 provides: "Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors

without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration". Pursuant to Debtor and Creditor Law § 271 (1), "[a] person is insolvent when the present fair salable value of his assets is less than the amount that will be required to pay his *probable liability* on his existing debts as they become absolute and matured" (emphasis supplied).

Here, it is not disputed that, at the time of the challenged conveyance, Robert had, *inter alia*, executed various personal guarantees, including one on a line of credit of $50,000,000. In support of its motion for partial summary judgment, the plaintiff asserted that, without need for any inquiry, such a guarantee must be deemed a "probable liability" within the meaning of Debtor and Creditor Law § 271. Therefore, the plaintiff argued, even crediting Robert's sworn assertion that, at the time of the conveyance, he had a net worth "in excess of $500,000", a figure which did not take into account the guarantee on the $50,000,000 line of credit, Robert was still "insolvent" within the meaning of Debtor and Creditor Law § 271 at the time of the challenged conveyance.

In opposition to the motion, the defendants argued that Robert's guarantee of the $50,000,000 line of credit should not be considered by the court in the absence of proof, *inter alia*, that the underlying obligation which the guarantee secured was actually in default. We conclude that neither party is correct.

In order to give meaning, as we must, to the word "probable" as it modifies "liability" in Debtor and Creditor Law § 271 (*see,* McKinney's Cons Laws of NY, Book 1, Statutes § 98), we conclude that some evidence must be proffered as to the probability, at the time of the challenged conveyance, that a contingent liability will be imposed and, if so, in what amount (*cf., In re Goldstein*, 194 BR 1; *In re Knox Kreations,* 474 F Supp 567, *affd in part, revd in part* 656 F2d 230). Here, the plaintiff proffered no evidence as to the probability, at the time of the challenged conveyance, that Robert's contingent liability pursuant to the guarantee of the $50,000,000 line of credit would be imposed and, if so, in what amount. Rather, the plaintiff relied on the mere existence of the guarantee alone. However, the mere existence of a contingent debt, without more, is insufficient to support a finding that such a debt represented a "probable liability" within the meaning of Debtor and Creditor Law § 271. Concomitantly, we disagree with the defendants that it need be proved that the underlying obligation secured by the guarantee was actually in default at the

time of the conveyance. Accordingly, partial summary judgment was properly denied.

The parties' remaining contentions are without merit. S. Miller, J. P., Ritter, Florio and Luciano, JJ., concur.