■ In the Matter of VIRGINIA HENNEBERRY, Appellant, v ING CAPITAL ADVISORS, LLC, et al., Respondents. [831 NYS2d 378]—

Judgment, Supreme Court, New York County (Robert D. Lippmann, J.), entered November 2, 2005, which denied the petition to vacate an arbitration award and granted the cross petition to confirm the award, unanimously affirmed, without costs.

Petitioner failed to show that the award confirming termination of her employment was "violative of a strong public policy, or is totally irrational, or exceeds a specifically enumerated limitation on [the arbitrator's] power" (*Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308 [1984]). "[A]n arbitrator is not bound by principles of substantive law or by rules of evidence," but "may do justice as he sees it, applying his own sense of law and equity to the facts as he finds them to be and making an award reflecting the spirit rather than the letter of the agreement" (*id.*). An "award will not be vacated even though the court concludes that [the arbitrator's] interpretation of the agreement misconstrues or disregards its plain meaning or misapplies substantive rules of law" (*id.*). Based on these principles, the court properly determined that the arbitrator's decision was not irrational in finding that petitioner's termination, after review by the company's managing partners and approval by its CEO under the company's restructured operating system, satisfied the requirements of paragraph 11 (b) of the agreement of employment.

Nor did the arbitrator deprive petitioner of a fair hearing when he reversed his ruling on burden of proof, as petitioner was on notice throughout the proceeding that respondents

continuously objected to the original ruling, and the arbitrator had indicated that his decision was subject to change. Not only was petitioner unable to specify any nonredundant evidence she would have presented, but the arbitrator specifically held that respondents would have prevailed regardless of who bore the burden of proof.

An arbitrator has broad discretion in determining whether to grant or deny an adjournment (*Storey v Searle Blatt Ltd.*, 685 F Supp 80 [SD NY 1988]). Petitioner did not meet her burden of demonstrating that the denial of her request for an October 2004 adjournment "forclose[ed] the presentation of material and pertinent evidence to [her] prejudice" (*Matter of Omega Contr. v Maropakis Contr.*, 160 AD2d 942, 943 [1990]).

We have considered petitioner's remaining arguments and find them without merit. Concur—Mazzarelli, J.P., Saxe, Marlow, Nardelli and Gonzalez, JJ.