■ HUGHES CONTRACTING INDUSTRIES, LTD., Respondent, v A & N RESTORATION, INC., et al., Appellants. [834 NYS2d 146]—

Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered on or about September 20, 2006, which, to the extent appealed from, denied respondents' cross motion to vacate an arbitration award, unanimously affirmed, with costs.

Respondents did not show that the award was subject to vacatur pursuant to CPLR 7511 (b). Specifically, they failed to demonstrate that the arbitrator was biased, much less that they sustained prejudice attributable to any such bias (*see Artists & Craftsmen Bldrs. v Schapiro*, 232 AD2d 265 [1996]). Nor did they demonstrate that the award violated strong public policy, was irrational or in excess of the arbitrator's power (*see Matter of Henneberry v ING Capital Advisors, LLC*, 37 AD3d 353 [2007]). Bearing in mind particularly that an arbitrator is not bound by principles of substantive law, and may do justice as he or she sees fit, even if, in doing so, the arbitrator misconstrues aspects of an agreement (*id.*), we perceive no ground to find the award irrational. Nor do we perceive any substantial basis for respondents' claim that they were coerced into consenting to the arbitrator's appointment. Concur—Andrias, J.P., Saxe, Nardelli, Williams and Catterson, JJ.