Matter of Gronich & Co., Inc. v Simon Prop. Group, Inc. (2020 NY Slip Op 01135)





Matter of Gronich & Co., Inc. v Simon Prop. Group, Inc.


2020 NY Slip Op 01135


Decided on February 18, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 18, 2020

Friedman, J.P., Renwick, Kern, Oing, JJ.


10996 653263/16

[*1] In re Gronich & Company, Inc., Petitioner-Appellant,
v
Simon Property Group, Inc., et al., Respondents-Respondents.


Lionel A. Barasch, New York, for appellant.
Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York (Allan J. Arffa of counsel), for respondents.



Judgment, Supreme Court, New York County (Margaret A. Chan, J.), entered April 16, 2019, dismissing the petition brought pursuant to CPLR 5225(b), unanimously affirmed, without costs.
Petitioner judgment creditor seeks to enforce its judgment against the alleged successor corporation (and affiliates) of the judgment debtor, respondent Longstreet Associates L.P. The motion court dismissed the petition on the ground that it lacked personal jurisdiction over respondents because petitioner failed to show that there was a substantial relationship between the merger involving Longstreet and petitioner's claims under CPLR 5225(b) (see CPLR 302[a][1]; Fischbarg v Doucet, 9 NY3d 375, 380 [2007]). We affirm the dismissal on other grounds.
Petitioner established jurisdiction over respondent C1 Delaware as it demonstrated a substantial relationship between the merger and its claims by virtue of C1 Delaware's status as successor by merger of the company that received a transfer of assets from Longstreet (see Ambac Assur. Corp. v Countrywide Home Loans, Inc., 2015 WL 6471938, *6 [Sup Ct, NY County 2015], mod on other grounds 150 AD3d 490 [1st Dept 2017]). Contrary to respondents' contention, the mere fact that the parent company that received the subsidiaries' assets had agreed, pursuant to the merger agreement, to pass them through to shareholders as a dividend does not demonstrate that the parent lacked control or dominion over the assets (cf. Bonded Fin. Servs., Inc. v European Am. Bank, 838 F2d 890, 892 [7th Cir 1988] [distinguishing between transferee or "mere conduit" of funds]). Rather, it freely chose to structure the merger in that way. Moreover, given that a successor by merger inherits the liabilities of its constituent companies, there is no reason that a judgment creditor should not be permitted to commence a special proceeding pursuant to CPLR 5225(b) to enforce a judgment against such a successor by merger (see Mitchell v Lyons Professional Servs., Inc., 727 F Supp 2d 120, 123 [ED NY 2010]). Respondents' argument that jurisdictional contacts are not imputed to a successor by merger is misplaced. It is where the "successor" has merely acquired the assets of the predecessor company that the contacts are not imputed (see U.S. Bank N.A. v Bank of Am. N.A., 916 F3d 143, 156—58 [2d Cir 2019]).
Nevertheless, the petition must be dismissed, because petitioner failed to establish that its rights to the assets are "superior to those of the transferee" (CPLR 5225[b]). Petitioner sought to establish a fraudulent conveyance under Debtor and Creditor Law § 277. Given that there was no consideration for the transfer, there arose a rebuttable presumption of insolvency (see McCarthy v Estate of McCarthy, 145 F Supp 3d 278, 286 [SD NY 2015]). However, respondents rebutted the presumption by showing that all debts of the debtor existing at the time of the merger were satisfied. The one exception was the contingent liability to petitioner under its commission agreement with Longstreet. As liability turned on whether a tenant would renew its lease 13 years later, it was too contingent to establish insolvency (see Staten Is. Sav. Bank v Reddington, [*2]260 AD2d 365, 366 [2d Dept 1999]).
The court correctly dismissed the petition as against Longstreet. Joinder of the debtor in a CPLR 5225(b) proceeding is permissive (see Matter of Centerpointe Corporate Park Partnership 350 v MONY, 96 AD3d 1401 [4th Dept 2012], lv dismissed 19 NY3d 1097 [2012]). There is simply no reason for it to be in this proceeding.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 18, 2020
CLERK