Matter of Tender Touch Health Care Servs. Inc. v Tnuzeg LLC (2022 NY Slip Op 06895)

Matter of Tender Touch Health Care Servs. Inc. v Tnuzeg LLC

2022 NY Slip Op 06895

Decided on December 06, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 06, 2022

Before: Renwick, J.P., Manzanet-Daniels, Gesmer, Kennedy, Shulman, JJ. 

Index No. 653544/21 Appeal No. 16812-16812A Case No. 2022-00753, 2022-01441 

[*1]In the Matter of Tender Touch Health Care Services Inc. et al., Petitioners-Respondents,
v
Tnuzeg LLC, et al., Respondents-Appellants.

Borstein Turkel, P.C., New York (Avram S. Turkel of counsel), for appellants.
Blank Rome LLP, New York (William J. Dorsey of counsel), for respondents.

Judgment, Supreme Court, New York County (Joel M. Cohen, J.), entered March 30, 2022, confirming an arbitration award in favor of petitioners and against respondents Tnuzeg LLC and 300 North Broadway Healthcare LLC d/b/a New Vista Nursing and Rehab Center in the amount of $710,000 plus interest, and severing the proceeding and continuing it against respondent Vistacare, LLC, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered on or about December 3, 2021, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Respondents failed to establish by clear and convincing evidence any ground for vacating the arbitration award (CPLR 7511[b]; see Intrepid Invs., LLC v Selling Source, LLC, 159 AD3d 508, 509 [1st Dept 2018], lv dismissed and denied 32 NY3d 1079 [2018]). Respondents did not establish that the arbitration panel's decision was irrational or exceeded a specifically enumerated limitation on its powers (see Matter of Geo-Group Communications, Inc. v Jaina Sys. Network, Inc., 144 AD3d 598, 599 [1st Dept 2016]), or that the panel was biased (see Matter of Infosafe Sys. [International Dev. Partners], 228 AD2d 272, 272-273 [1st Dept 1996]). It is within the arbitrator's broad discretion to grant or deny adjournments (see Storey v Searle Blatt Ltd., 685 F Supp 80, 82 [SD NY 1988]). Respondents did not meet their burden of demonstrating that the purported denial of their nonspecific request for adjournments "forclose[ed] the presentation of material and pertinent evidence to [their] prejudice" (Matter of Henneberry v ING Capital Advisors, LLC, 37 AD3d 353, 354 [1st Dept 2007] [internal quotation marks omitted]). The adjournment request was made at most one week before the testimony was scheduled, and in any event, the arbitration panel concluded that evidence of any alleged billing irregularities was immaterial to the breach of contract claim.
Under the alleged circumstances surrounding Tnuzeg's acquisition of Vistacare, it was not error for the court to sever and continue this proceeding against Vistacare. There are sufficient contacts between respondents Tnuzeg, 300 Broadway, and Vistacare to warrant a finding that the forum selection clause in the arbitration agreement should be enforced against Vistacare (see Highland Crusader Offshore Partners, L.P. v Targeted Delivery Tech. Holdings, Ltd., 184 AD3d 116, 121-122 [1st Dept 2020]; see also Fitzgerald v Fahnestock & Co., 286 AD2d 573, 575 [1st Dept 2001]). Furthermore, jurisdiction is warranted here even though Vistacare is a New Jersey entity (see e.g. Matter of Gronich & Co., Inc. v Simon Prop. Group, Inc., 180 AD3d 541, 542 [1st Dept 2020], lv denied 36 NY3d 902 [2020]).
We have considered respondents' remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 6, 2022